KANSAS CITY, MEMPHIS & BIRMINGHAM RAILROAD CO. *v.* W. R. JONES.

1. RAILROADS. *Cattle guards. Action for penalty. Statute construed.* Code 1892, § 3561.

Section 3561, code 1892, making it the duty of every railroad company to construct and maintain all necessary or proper stock gaps or cattle guards where its track passes through inclosed land, and providing that, for any failure to do so, the company shall be liable to pay $250, to be recovered by the person interested, should be strictly construed, and does not warrant a recovery by one who has no interest in any inclosed land entered by the line of railway.

2. SAME. *Inclosed land. Stock law. Public fence.* Code 1892, § 3561.

The fact that land not entered by a line of railway lies in a stock law district, and is inclosed by the public fence around the district, does not render it inclosed land, within the meaning of the statute

making it the duty of railroad companies to maintain cattle guards where their tracks pass through "inclosed land," and the lessee of such land cannot recover the penalty prescribed for a violation of the statute.

FROM the circuit court of Union county.

HON. EUGENE JOHNSON, Judge.

Action by Jones to recover of the defendant railroad company the statutory penalty of $250 for failure to maintain a cattle guard, as required by § 3561, code 1892. The declaration avers that the railway track passed through a certain stock law district of the county inclosed by a public fence, and that the plaintiff lived, and planted a crop, on land inside of such public inclosure and near the cattle guard in question, which had been constructed at a point where the stock law fence approached or crossed the track.

The defendant demurred to the declaration on the following grounds: (1) Because it showed on its face that the defendant railroad did not pass through any inclosed land of the plaintiff. (2) Because it showed that the land cultivated by plaintiff is inside of a general stock law district, with other lands, in one general inclosure, and that § 3561 of the code of 1892 created no liability in such case. The demurrer was overruled, and defendant plead the general issue, giving notice that, on the trial, evidence would be offered to show that the railroad did not pass through any inclosed land in which the plaintiff was interested, or, in fact, any land inclosed or uninclosed in which he was interested, the land mentioned by him in his declaration being only inclosed by the public fence around the stock law district in which it was situated.

The facts shown on the trial are that appellee rented certain lands for the purpose of making a crop in the year 1894. These lands were not on the railroad, nor was there any private inclosure around said lands, but said lands were in a general inclosure known as a "stock law district" under certain acts of the legislature authorizing the people within a specified dis-

trict, on proper proceedings, to vote on the question of "stock law or no stock law." Acts of 1884, p. 336; 1888, pp. 405, 406. The people in said stock law district voted on the question, and the territory within this general inclosure was duly and legally declared a stock law district under said acts of the legislature, and the fence inclosing the same was constructed by the order of the board of supervisors, by levying a tax upon the property holders within said district.

The cattle guard, for failure to make and maintain which suit is brought against the railroad company by appellee, was located on the western boundary of said district, where the railroad enters the same; and in the spring of 1894, before this suit was brought, the fence along the western boundary of said stock law district was in bad order, besides the gate to said inclosure was frequently open so that stock could enter the inclosure through it. The fence had been condemned by the board of supervisors and contracts let to rebuild and repair the same; a part of said fence had not been repaired until the December after this suit was brought, and the part that was out of repair was near the land cultivated by appellee.

The testimony on behalf of appellee showed that the cattle guard was out of repair before the suit was brought, but there was no testimony to show that appellee's crop was damaged or that he suffered any real injury by stock. There was proof that appellee had a garden and potatoes planted in this general inclosure, but no proof of any damage to the same.

Several charges antagonistic to the view expressed in the opinion of the court were given at the instance of the plaintiff by the court below. The verdict and judgment were for the plaintiff for the statutory penalty, and, defendant's motion for new trial having been overruled, this appeal was prosecuted.

The full text of § 3561, code of 1892, construed by the court, is as follows: "It is the duty of every railroad company to construct and maintain all necessary or proper stock gaps or cattle guards where its track passes through inclosed

land, and to make and maintain convenient and suitable crossings over its track for necessary plantation roads. For any failure so to do, the railroad company shall be liable to pay two hundred and fifty dollars, to be recovered by the person interested.''

*Wallace Pratt* and *Buchanan & Minor*, for the appellant.

Does § 3561, reading as follows, '' It is the duty of every railroad company to construct and maintain all necessary or proper stock gaps or cattle guards where its track passes through inclosed land; . . . for any failure to do so, the railroad company shall be liable to pay $250, to be recovered by the person interested,'' contemplate an inclosure such as is set forth in the pleadings and the proof in this case? The court, in considering this statute, will bear in mind that it is a highly penal statute, and cannot be enlarged, by construction, to cover a case that does not clearly come within the provisions of the same. This statute is to be construed strictly, just as if it were a criminal statute. No damage is proved, nor is there any effort to recover actual damages, as none are alleged in the declaration. If appellee cannot maintain a suit under § 3561, then there can be no recovery against the railroad company, and the charges asked by appellant should have been given, and all of those asked on the part of appellee should have been refused.

Under the acts of 1884, p. 336, and acts amendatory thereof (Acts of 1888, pp. 405 and 406) authorizing these stock law districts to be established, the control of the fences surrounding such districts is under the supervision of the board of supervisors. The board levies the tax and builds said fences, and it is their duty to maintain the same by additional levies, whenever the same are out of repair. The contracts for building and repairing fences are let out by the board of supervisors, and the law provides for a penalty for the failure of the contractor to repair his part of the fence, which is to be recovered

by the board of supervisors for the benefit of the stock law district. This fence for the general inclosure is, in contempla-tion of law, the fence of the board of supervisors. It is not the fence of any particular individual within the stock law dis-trict. It is as much the fence of the railroad company, who is a taxpayer within the district, as of any other citizen in the district. If it had been the intention of the legislature to make this § 3561 apply to a fence inclosing a stock law district, which might include half or the whole of the county, the pen-alty would have been given to the board of supervisors, who alone have the lawful control of the fence surrounding this general inclosure.

Can the words "inclosed land" be construed to mean the whole supervisor's district, or a whole county? The court will bear in mind that the formation of a stock law district does not relieve the railroad company from making cattle guards or cattle gaps for inclosures within this general inclosure or stock law district. The facts are, that there are half a dozen different inclosures inside of this stock law district through which the railroad passes, and where it is maintaining cattle guards. If the contention of appellee is correct, under § 3561, for failing to make and maintain cattle guards where the railroad enters the general inclosure, every person within said general inclosure could recover the penalty of $250. Besides, for failing to maintain cattle guards for individual inclosures within the stock law district, it would be also liable, and thus, instead of paying $250 for failing to make and maintain a cattle guard, the penalty might be $50,000.

Again, the law fixes but one penalty of $250, to be recovered by the person interested. If so, then how can this section be construed to cover a stock law district, when, necessarily, every man within the district would be entitled to the penalty? If this section had contemplated a recovery by more than one, then the law would have read, "parties interested." If one party in the district can recover, then every man in the district

can recover, for one is as much interested as another. The words "inclosed land," used in the statute, cannot be construed to mean in a stock law district where innumerable individuals own and occupy lands, nor can the words "to be recovered by the party interested" be construed to mean a thousand different owners of land in the stock law district. Such a construction does violence to the letter and the spirit of the law. Because the statute does not embrace a case where probably it should, is no reason why the court should stretch the law to make it embrace a case clearly not within its provisions, especially when the law to be construed and enforced is a highly penal statute in its nature, and should be construed strictly, as criminal statutes are construed. That there should be a law requiring railroad companies to maintain cattle guards where they pass through a stock law district, there can be no question. But such a law, to be reasonable, would provide that the board of supervisors, who control the fence, could recover the penalty, the same as provided by other sections of the code where railroad companies fail to perform a public duty. If a penalty for failing to maintain a cattle guard was given to the board of supervisors, each individual would still have his common law right of action for all damages sustained by the failure of the railroad company to maintain necessary stock gaps.

For these reasons we earnestly urge that § 3561 of the code of 1892 cannot be construed to include an inclosure for a stock law district, and we insist that the court erred in not giving charges Nos. 1 and 2, asked on the part of the railroad company, and in granting charges 1, 2, 3, 4 and 5, asked on the part of appellee.

Admit that the statute is broad enough to cover any character of inclosed lands, amounting in acres to a whole county, still, unless the statute gives the penalty to some one in such an inclosure, then there can be no recovery for the penalty, and each party would have to sue for his actual, damages. The failure of the railroad to make and maintain cattle guards for

such an inclosure would be a failure to perform a public duty, for which failure the right of action would be in the board of supervisors, the owners and controllers of the fence.

Section 3546 gives the city, town or village a right of action for $100 against a railroad company for running through a town, city or village over six miles per hour.    See, also, §§ 3552, 3553 and 3555, where a right of action is given to the county for failure to perform a public duty.

We submit that § 3561 has reference to failure on the part of the railroad company to perform a private duty to the citizen when the railroad enters his own land, or when the railroad company fails to make a private citizen a suitable road crossing for necessary plantation roads.    It could not be urged that the road crossing provided for in said section could have reference to roads under control of the board of supervisors, nor can it be successfully contended, we submit, that the penalty for failure to make and maintain cattle guards could have reference to any cattle guards except for private inclosures.

*Leroy Kenneday*, for the appellee.

This court has already settled the question arising on the record.    *Railroad Co.* v. *Spencer*, 72 Miss., 491.    The liability or nonliability of the company for failing to maintain cattle guards is not dependent on the condition of the fence constituting the inclosure.    The fence may be insufficient, but if it was designed to inclose, the company is under a duty to maintain the cattle guard.    By putting the territory into a stock law district, appellant was relieved of several stock gaps, and its burdens really decreased instead of enlarged, and no right derived under the contract expressed in its charter is impaired.

Argued orally by *J. W. Buchanan*, for the appellant.

WOODS, J., delivered the opinion of the court.

Section 3561, code of 1892, which requires of railroad companies, under heavy penalty, the construction and maintenance

of all necessary or proper stock gaps and cattle guards where their tracks pass through inclosed land, and of convenient and suitable crossings over their tracks for necessary plantation roads, must be strictly construed, and its application confined to cases clearly within its purview. It will be observed that this section, in treating of one subject, makes provision for both cattle guards and plantation road crossings, and can only be invoked by those citizens whose lands are entered by the line of railway. No other person would be entitled to demand of a railroad company the construction and maintenance of suitable crossings for plantation roads, for, clearly, only the plantation owner is entitled to such crossings. With like certainty, reference being had to the entire section, it appears that cattle guards may be demanded only by the landowner through whose inclosed lands the track passes. The latitudinarian construction contended for by appellee's counsel would entitle anyone whose lands were inclosed by any conventional or public fence to sue for and recover the statutory penalty in case of the failure of the railroad to construct stock guards or crossings for plantation roads, although the lands of such an one were not touched by the tracks of the railroad, but, in fact, lay miles away. But it is plain that the legislative purpose was not to protect the lands of a whole county or an entire supervisor's district, and to confer upon every landowner or lessee of lands in the county or district, the right to sue for and recover the penalty in case of the railroad's failure to erect guards or road crossings at the points where its tracks enter and leave county or district fence lines. The very terms employed in the statute confine the right of action to those whose lands are entered by the line of railway.

The appellee's land is not entered by the railroad, not does it touch the same anywhere. The demurrer to the declaration was well taken, and should have been sustained.

*The judgment below is reversed, the demurrer sustained and the case dismissed.*