SOUTHERN RAILWAY COMPANY *v.* JACOB J. MURRELL.

RAILROADS. *Stock gaps and cattle guards. Code* 1892, § 3561.

Section 3561, code 1892, requiring railroads to maintain stock gaps and cattle guards, is penal, and must be strictly construed. It does not give a right of action to one whose lands are not entered by the railroad track, although they be in the same inclosure with the lands of another which are so entered.

FROM the circuit court of Sunflower county.

HON. FRANK A. MONTGOMERY, Judge.

Murrell, the appellee, was the plaintiff in the court below; the railway company, the appellant, was defendant there. From a judgment in plaintiff's favor, the railway company appealed to the supreme court. The facts are stated in the opinion of the court.

*Leroy Percy*, for appellant.

The question of liability depends entirely upon the construction to be given to § 3561, code of 1892. This court has uniformly held that this statute is highly penal in its nature, must be strictly construed, and will not be extended beyond the plain and unmistakable purview of its language. *Kansas City, etc., R. R. Co.* v. *Spencer*, 72 Miss., 492; *Seelbinder* v. *Illinois, etc., R. R. Co.*, 73 Miss., 84; *Kansas City, etc., R. R. Co.* v. *Jones*, 73 Miss., 397; *Yazoo, etc., R. R. Co.* v. *Anderson*, 76 Miss., 582.

In the language of this court in *Railroad Company* v. *Jones*, 73 Miss., 397, "this section can only be invoked by those citizens whose lands are entered by the line of railway." The language seems to be so plain as to be susceptible of but one construction. The statute cannot be invoked except by citizens whose lands are entered. They can invoke it for the purpose of recovering the penalty given and damage suffered; others cannot invoke it at all, any more to recover the damage which they may have sustained by not having their lands fenced, than to recover the penalty. given by the statute.

*W. S. Chapman*, for appellee.

In *Kansas City, etc., R. R. Co.* v. *Spencer*, 72 Miss., 492, this court held that a person damaged by failure of the railroad company to erect and maintain suitable stock gaps where its road entered upon and left his inclosed premises, could recover the statutory penalty and actual damages to his crop, although the code only provides that he can recover the penalty. This court in that opinion effectually disposed of a decision ( *Vicksburg, etc., R. R. Co.* v. *Dixon*, 61 Miss., 119) relied upon by counsel for appellant, and left nothing for inference or conjecture, stating that, in the absence of statute, railroads were not bound to construct and maintain cattle guards and were not responsible for damages suffered by any one resulting from not constructing and maintaining them. *Kansas City, etc., R.*

*R. Co.* v. *Spencer*, 72 Miss., 492. Yet the reasoning is, when there is a statute to remedy an existing evil, and that statute is violated by any one coming within its requirements and commands, any person damaged by the default of the person upon whom the statute imposes a duty can recover the amount of damages sustained.

I further infer from these decisions, and maintain, that, if one in possession of the whole premises in such case could recover all of the actual damages suffered by him, then several persons in such case together in possession of certain parts of the inclosed premises, which added would constitute the whole inclosed field, could separately sue and recover such actual damages as the evidence would show each one sustained by reason of the default of the railroad company in performing the duty imposed on it by statute, viz., to erect and maintain such cattle guards as will prevent cattle and such animals from entering thereby on the land in the inclosed premises. Else each one of the tenants in common would be without remedy, and the corporation could evade the law, and, by disregard of its duty inflict great and possibly irreparable damage with impunity.

CALHOON, J., delivered the opinion of the court.

Section 3561 of the present code is this: "It is the duty of every railroad company to construct and maintain all necessary or proper stock gaps and cattle guards where its track passes through inclosed land. . . . For any failure so to do, the railroad company shall be liable to pay two hundred and fifty dollars, to be recovered by the person interested." Our first legislative action on the subject-matter of this section was by an act of 1884. (Laws 1884, p. 42.) Before there was any statute on the subject, it was held that railroad companies were under no obligation to "construct these appliances." *Vicksburg, etc., R. R. Co.* v. *Dixon*, 61 Miss., 119. All the cases touching the interpretation of

the statute hold, of course, that it is highly penal and should have strict construction. The facts in the instant case are, briefly, these: A Mrs. Torrey seems to have owned a large plantation, which was under fence, and which she leased in parcels to divers tenants, the land of one of which so leased was entered by appellant's road; and this tenant had sued appellant and recovered from it both the statutory penalty for defective gaps and also $250 damages for live stock depredations committed because of the defective gaps. Subsequently appellee, another tenant, whose leased parcel of land was not entered by the railroad, but which adjoined the parcel of the other tenant, brought this suit for damages for like depredations. The court below instructed the jury to find for appellee, and assess the damages which it was agreed he had suffered. Counsel for appellee presents a very elaborate and forceful argument in the effort to support his case on general principles, and to show that it is not in conflict with the reasoning of the case of *Kansas City, etc., R. R. Co.* v. *Spencer*, 72 Miss., 492, s.c. 17 South., 168, and to differentiate it from the case of *Kansas City, etc., R. R., Co.* v. *Jones*, 73 Miss., 397, s.c. 18 South., 684; but it cannot be done. A tenant owns his land for the term, and he may sue where the railroad enters his parcel (*Alabama, etc., R'y Co.* v. *Ligon*, 74 Miss., 176, s.c. 20 South., 988), and he manifestly occupies no better position in reference to the tenant of another parcel under the same general inclosure than a coterminous proprietor in fee. Now, in considering this question in *Kansas City, etc., R. R.* v. *Jones*, 73 Miss., 397, s.c. 18 South., 385, this court, in construing this highly penal statute, says it "confines the right of action to those whose lands are entered by the line of the railway." See, also, *Seelbinder* v. *Illinois, etc., R. R. Co.*, 73 Miss., 84, s.c. 19 South., 300.

*Reversed and remanded.*