## Mississippi R. Commission *v*. Illinois Cent. R. Co.

### [73 South. 878, Division A.]

1. RAILROADS. *Plantation crossings. Right to require.*

   The State railroad commission has no authority to require a railroad to establish suitable crossings over its track for necessary plantation roads, the remedy provided for such under Code 1906, section 4058, being purely statutory to enforce a private and individual right, with which the railroad commission was not empowered to deal by the legislature.

2. RAILROADS. *Crossings. Right to require.*

   Under Code 1906, section 4058, providing for the establishment by a railroad of convenient and suitable crossings over its track for necessary plantation roads, one owning two tracks of land situated on opposite sides of a railroad, but which were several miles distant from it, is not entitled to compel the railroad company to establish a crossing even though he obtain a right of way up to and adjoining the railroad right of way, since the purpose of the statute was to provide crossings for landowners whose property was bisected by railroads.

APPEAL from the chancery court of Hinds county.

HON. O. B. TAYLOR, Chancellor.

Bill by the Illinois Central Railroad Company against the Mississippi Railroad Commission. From a decree for complainant, defendant appeals.

The facts are fully stated in the opinion of the court.

*Gen. H. Ethridge,* Assistant Attorney-General, for appellant.

It is the theory of the Railroad Company that the commission has no power to order a plantation road to be constructed by the Railroad Company under section 4058 of the Code, and the company contends that the sole right of proceeding under this statute is for the person desiring the crossing to bring a suit for the penalty named in the statute, in the courts of the country, and that the commission has no power or duty in the premises.

It is contended that in as much as section 4058 is under the chapter on railroads and not in the chapter of supervision of common carriers that the commission has no powers under this statute.

Appellee raises great stress in its bill and also in the argument below that this statute carries its own penalty and is independent of the Railroad Commission. I contend that section 4883 of the Code, being one of the statutes under chapter on supervision of common carriers, vested the Railroad Commission with power to bring suit against the railroad companies for failure to do and perform any duty imposed by law and that its powers are not limited to enforcing such reasonable orders as it may decree necessary against any Railroad Company, but the power is broad and comprehensive and confers the right on the Railroad Commission to bring suit against any Railroad Company for its failure to comply with any law or perform any duty imposed by law.

Section 4883 reads as follows: "If any railroad or other common carrier shall violate any of the provisions of this chapter, or shall fail to do and perform any duty imposed by law, or shall fail to comply with any lawful order of the commission or to conform to any of its reasonable rules and regulations, or shall demand or receive a greater sum for the transportation and handling of any passengers or freight than authorized by law or the commission, it shall be liable to a penalty of five hundred dollars for every such failure or overcharge not otherwise punished, to be recovered by action in the name of the commission in any county where such failure may occur   or overcharge be made, such action shall be instituted by the attorney-general or the district attorney in his district; but in trials of cases brought for violation of any tariff of charges as fixed by the commission, it may be shown in defense that such tariff fixed was unreasonable and unjust to the carrier."

Section 4884 further bears out this contention by making the remedies in the chapter on supervision of common carriers cumulative of other remedies existing by law. This last section reads as follows: ''The remedies given by this chapter against railroads and other common carriers are cumulative to those now existing by law. Street Railways are not subject to the provisions of this chapter.''

Section 4885 expressly makes it the duty of the commission to see that the laws, civil and penal, whether contained in this chapter or not, affecting Railroad Companies and other common carriers, are complied with and to prosecute the offender.

Section 4886 carries this idea still further and makes it the duty of the Railroad Commission to investigate each county and note all complaints and evidences of violation of the law.

Section 4838 gives the commission authority to appeal to courts, not only to enforce obedience to its own processes, but to compel compliance with the law, and makes it the duty of the court to grant relief in such cases.

In other words the whole scope of the chapter on supervision of common carriers is to confer on the Railroad Commission the power and duty to see that the Railroads and other common carriers obey the law.

The penalties imposed in section 4883 are cumulative of any other penalties, and these penalties in this section can only be enforced by and through the railroad commission. Furthermore, the view contended for by me gives an effective and expeditious method of determining questions of fact as to the necessity of a plantation crossing by an impartial tribunal vested with full power and opportunity to investigate surrounding and local conditions governing such matters and while it is true the individual may sue on his own account for the penalty imposed in section 4058, this section not only carries the penalty but enjoins a duty and the perfor-

mance of this duty may be compelled in other appropriate ways.

The appellee insists that the Railroad Commission is a body of limited and special power and can perform no act without pointing out, or having specific authority to do so. This may be conceded, but it is equally true that the grant of power carries with it all appropriate means of making the grant effectual, and power may be implied from a grant where it is necessary to carry out the main power granted. In other words, there is not only express power but implied power will be recognized where it is necessary to carry out express powers.

In other words a remedy or method will be implied if one is not expressly given, to carry out an excess power. It was early laid down by the greatest law interpretator of this county that a granted power carried with it all the incidents necessary to make that grant effectual.

If the end be legitimate and within the scope of the grant, all means which are appropriate and which are plainly adapted to that end, and which are not prohibited by law, but is consistent with the letter and spirit of the grant, are granted with it as an incident of the main grant. *McCullough* v. *Maryland,* 4 Wheaton (U. S.), 316, 4 L. Ed. (U. S.), 579.

This rule has been followed in numbers of cases decided since that time and the rule is so well settled that I deem it unnecessary to make further citation. The complainant or appellee contends earnestly that the court has no power or that no power expressed under the statute could compel the making of a plantation crossing because the lands were not enclosed lands and cites the case of *Seelbinder* v. *Illinois Central Railroad Company,* 73 Miss. 84, and *Railroad* v. *Murrell.* 78 Miss. 446, as authorities on this point.

These cases do not apply to the present controversy because the question presented in those cases, was the necessity for stock gaps and cattle-guards arising under the first clause of section 4058. The second clause of section 4058 makes it the duty of the Railroad Company to

maintain convenient and suitable crossings over their track for necessary plantation roads.

It will be noted that the second clause says nothing with reference to enclosed land and it is immaterial so far as plantation roads are concerned whether the land be enclosed or not.

It was held in the case of *Hardy v. A. & V. Railroad Company,* 73 Miss. 719, that the plantation roads may be as necessary for uninclosed plantations as for the ones enclosed or not.

At page 722 of this case in the official reporter it is stated as follows: "In *Seelbinder v. I. C. Railroad Co., ante,* page 84, we held that one whose land was bounded on one side by the railroad, was not entitled, under the statute, to a crossing to enable him to reach the land of another over which he exercised certain privileges by license. But this was not upon the ground that the land was not enclosed but because it was not his land—any part of his plantation."

From these two cases it plainly appears that it is immaterial whether the land be enclosed or not so far as plantation roads are concerned.

*Mayes, Wells, May & Sanders,* for appellee.

Under the facts of the case was a railroad crossing required by law? Section 4058, Code of 1906, the only law requiring the establishment of plantation crossings over its tracks, provides that: "It is the duty of every railroad company, etc. to make and maintain convenient and suitable crossings over its track for necessary plantation roads. For any failure so to do, the railroad company shall be liable to pay two hundred and fifty dollars, to be recovered by the person interested."

The only law requiring the establishment of plantation roads is the section just quoted, and that section provides the exclusive penalty, and the only person who can bring the suit to recover the penalty is designated. If there

was no statute such as the above quoted, there could not be found any authority in the law requiring the establishment of plantation roads. The statute requires the establishment of necessary plantation roads, and leaves the enforcement of the statute in the hands of the interested party by permitting him to sue for the penalty which goes to the interested party alone. The public has no interest involved as the statute is directed towards protecting private rights alone. When suit is brought, it is for the court to say whether the crossing sought is a necessary plantation crossing road within the meaning of the statute. The court will observe that the statute provides only for the crossings over plantation roads

Section 4053 provides for the establishment of crossings over highways or public roads, and for any failure on the part of the Railroad Company to comply with that section the enforcement of the duty must be made in the name of the county. So, when we examine the law we see that we have three statutes all dealing with different subjects relating to highways, railroad crossings, and private ways, but the facts of Dodds case do not entitle him to relief under any one of the three statutes. Section 4053 provides for the establishment of highway crossings. Mr. Dodd does not claim that this alleged way was a highway and does not attempt to make any proof along this line. Section 4058 provides for the establishment of the maintenance of suitable and convenient crossing over the railroad for necessary plantation roads. The proof shows that Dodd's plantations were miles apart, one being on the east and the other on the west side of the railroad, and neither plantation being adjacent to the right of way, but being miles from it. Under the decisions which we will direct the court's attention to further on in this brief, the way desired was not a plantation road within the meaning of the statute. Section 4411 providing for the establishment of private ways, provides for private ways only when "necessary for ingress and egress" and the facts only show, at most, that this private way was sought by

Mr. Dodd, not as a way of necessity for "ingress and egress" as the statute requires, but merely for his convenience. And again, the right of way of a Railroad Company cannot be taken for a private right of way except as provided in section 4411, Code of 1906, and then only after due compensation first made to the Railroad Company. See *I. C. R. R. Co.* v. *State,* 48 S. R. 561. No private way had been established; there was no public highway; and there was no plantation crossing, so no law applied to the facts of his controversy

In the case of *Seelbinder* v. *I. C. R. R. Co.*, 73 Miss. 84 the court held that: "Where a railroad does not run through any part of a plantation, but its right of way adjoins it on one side, a road running across its track into the plantation on that side, is not a necessary plantation road within the meaning of the statute requiring the Railroad Company, under a penalty of two hundred and fifty dollars, to make and maintain convenient and suitable crossings over its track for necessary plantation roads."

In the case of *Railroad Co.* v. *Murrell,* 78 Miss. 446, the court held that this statute must be strictly construed and that it had no application to one whose lands were not entered by the railroad tracks.

The railroad commission has no jurisdiction of the controversy. In the case of the *G. & S. I. R. R. Co.* v. *Railroad Commission,* 94 Miss. 124, the court in construing the power of the Railroad Commission, said: "It is universally held that a Railroad Commission is a mere administrative or advisory board created to carry out the will of the legislature, and that, before it can do any act, it must be able to point to its grant of power from the legislature, which power must affirmatively appear, and must be given in clear and express terms, and nothing will be had by inference." Page 135.

The whole jurisdiction of the Railroad Commission is to direct the supervision of railroads as carriers, and supervise the duties of railroads as such to the public.

Section 4058, Code of 1906, is a statute for the benefit of individuals solely. It has nothing to do with the public duty or control of railroads as carriers. Its design is not to enforce any duty which the railroad company owes to the public as a carrier, but to enable individuals to obtain certain things at the hands of the railroad company in the way of plantation crossings. Section 4058 is wholly independent of any authority given to the Railroad Commission as supervisors of duties of common carriers, and the object aimed at by section 4058 is foreign to any purpose for which the Railroad Commission was created. The Railroad Commission was created to supervise railroads as carriers, and to enforce the duties which they owe to the public as such, but the commission has no more to do with the suit which individuals may institute against a railroad for the failure to put in this plantation crossing than they would have in a suit which an individual might entertain against a Railroad Company for killing a mule or an overcharge on freight, or the injuring of a passenger. The Railroad Commission has nothing to do with the enforcing liability which a railroad may incur to individuals, but its sole duty is to enforce the public duty of the railroad companies. The Railroad Commission has nothing to do with the establishment of plantation crossings; no power under the law to make the order that was made in this case; and no power to institute suit for the violation of the statute.

The learned Assistant Attorney-General cited several sections of the Code which he claims gives the power to the Railroad Commission to make this order. He quotes section 4883, which provides among other things, that: ''If any railroad or other common carrier shall violate any of the provisions of this chapter, or shall fail to do and perform any duty imposed by law, or shall fail to comply with any lawful order of the commission or to conform to any of its reasonable rules and regulations, shall demand or receive a greater sum for the transportation and handling of any passenger or freight than author-

ized by law or the commission, it shall be liable to a penalty for every such failure, or overcharge, etc., to be recovered by an action in the name of the commission."

He argues from this, that the section of the Code just quoted, gives the Railroad Commission the power, not only to make this order, but to sue for the violation of same. He overlooks the fact, however, that the section of the statute just quoted is found in the chapter on supervision of common carriers, and that its design is to give the jurisdiction to the Railroad Commission to supervise the carrier in its duty to the public as a carrier; and when the section quoted provides, that if a railroad company shall violate any provision of this chapter, or shall fail to perform any duty imposed by law, the railroad commission shall have power to sue for a penalty of five hundred dollars for every failure, means a failure to discharge its duty as a carrier. The Railroad Commission clearly had no power to make the order requiring the crossing to be constructed.

Section 4058 expressly gave the right to bring suit for the violation of it to the interested party and if the contention of the Railroad Commission is correct, and it has the power to enforce this duty to the plantation owner, the interested party may bring a suit for the two hundred fifty dollars penalty, and the Railroad Commission might institute suit under section 4883 for the five hundred dollar penalty, provided by it, thus making seven hundred and fifty dollars which might be recovered under the contention of the Assistant Attorney-General, when the statute says that only two hundred and fifty dollars may be recovered.

The Assistant Attorney-General further contends that section 4884 further bears out his contention; that section 4883 gives the Railroad Commission power to make this order; and quotes from section 4884, which provides that the remedies given by this chapter, that is to say, the chapter on supervisors of common carriers are cumulative. We can only repeat the argument that we have

made above, to the effect that this whole chapter deals with the power of the Railroad Commission to require only such duties as the Railroad Company owes to the public as a carrier, and that when section 4884 provides what the remedies given by the chapter are, (cumulative) it only means that no common-law remedy shall be taken away on account of this statute. The Code law is supplementary and expansive of the right given by the common law, giving new remedies unknown to the common law because of the development of more modern necessities.

Again, the learned Assistant Attorney-General cites various sections of the Code as supporting the theory advanced by him that everything appertaining to railroads found in the laws of the state, whether the statutes are for the purpose of fixing the duties of railroads as public carriers, or whether to give a private right, or fixing a penal statute, is subject to the jurisdiction of the Railroad Commission. He cites section 4885, which provides that it shall be the duty of the commission to see that all laws are complied with; and section 4386 requiring the commission to visit each county and inquire as to the violation of the law by the railroads and hear complainants, etc; and section 4838 giving the commission authority to apply to the courts for enforcement of their orders. When these sections are examined it will be seen that the whole idea of the law is to give to the railroad commission supervisory power over railroads as carriers. Sections 4885 and 4886 providing that the commission shall see to the enforcement of the law, civil and penal, means only such laws as effect the public dealing with the carrier as such, and was not intended to put the enforcement of every statute on the subject of railroads under the control of the commission.

The Assistant Attorney-General calls attention to the case of *Seelbinder* v. *I. C. R. R. Co.*, 73 Miss. 84, and also *Railroad* v. *Murrell*, 78 Miss. 446, and contends that those cases did not involve crossings, and therefore do

not apply, because he contends that the question presented in those cases was the necessity for stock gaps. The thing which Seelbinder was seeking to do was to have what he declared to be a necessary plantation road established, and the court held that where the railroad did not run through any part of his plantation he could not demand a plantation road. The learned Assistant Attorney-General contends that it is immaterial whether these plantations are enclosed or not. We will not controvert this point with him. He cites the case of *Hardy* v. *A. & V. R. Co.*, 73 Miss. 719, holding that the plantation road may be as necessary for unenclosed plantations as enclosed. We do not dispute this proposition but that question has no bearing on this case. Our contention is that whether enclosed or unenclosed, that the situation of this land belonging to Mr. Dodd did not entitle him to demand a crossing at any place, because he did not own the land contiguous to the railroad right of way, and did not join it.

HOLDEN, J., delivered the opinion of the court.

This is an appeal by the State Railroad Commission from a decree of the chancery court of Hinds county making perpetual an injunction against the Railroad Commission from enforcing an order requiring the Illinois Central Railroad Company to establish a plantation road crossing under its track at trestle No. 66566. The bill filed by the railroad company seeking the injunction was based upon two grounds: First, that the Railroad Commission in making the order acted under section 4058 of the Code of 1906, and that the Commission had no jurisdiction or power, under said section, to make such order, and had no lawful authority to require the establishment of such private plantation crossing in any case; and, second, that the lands owned by the petitioner, R. E. Dodd, for whose benefit the road crossing was to be established, did not adjoin or touch the railroad right of way, and therefore did not come

within the meaning of the statute. We here set out the material parts of section 4058:

"It is the duty of every railroad company to construct and maintain all necessary or proper stock gaps and cattle-guards where its track passes through inclosed land; and to make and maintain convenient and suitable crossings over its track for necessary plantation roads. For any failure so to do, the railroad company shall be liable to pay two hundred and fifty dollars, to be recovered by the person interested."

It appears from the record that the said Dodd had two plantations separate from each other, one lying on either side of the railroad track, but not joining, and that Dodd had procured a private right of way from the board of supervisors through land not belonging to him to the right of way of the railroad, but that he was not the owner of the land through which the railroad passed.

It will be observed that section 4058, Code 1906, is the only statute we have requiring the establishment of plantation crossings over railroad tracks. The statute provides a penalty of two hundred and fifty dollars "to be recovered by the person interested" for failure of the railroad to establish such plantation crossings when necessary, in order that the owner of adjoining lands on either side of the track may use such road crossings for his convenience in crossing the railroad track from one part of his land to the other. The right of the adjoining landowner on either side of the railroad track, to require the establishment of plantation crossings, is a private, individual right granted by section 4058, Code 1906, and the remedy to enforce the establishment of such crossings must depend entirely upon the statute which give the right. The State Railroad Commission has no authority to require the establishment of plantation crossings, as the exercise of such power would be to enforce a private, individual, statutory right which the Railroad Commission was not empowered to deal

with by the legislature. It has no authority under section 4058 to enforce the private right given by that statute, but the right under the statute can be enforced only in the courts "by the person interested." The crossing sought to be established here was a private crossing; that is, a plantation crossing for the sole convenience of the owner of the land on either side of the track.

Section 4058 provides for the establishment and maintenance of suitable and convenient crossings over the railroad tracks for necessary plantation roads. The proof in this case shows that Dodd's plantations were several miles apart, one being on the east and the other on the west side of the railroad, and neither plantation being adjacent to the railroad right of way, but being several miles from it. To put it in a shorter way, the railroad track here did not pass through the inclosed land of Mr. Dodd, but it passed through other land lying between the track and Mr. Dodd's land. The fact that Mr. Dodd had secured a right of way over the land adjoining the railroad right of way did not, in our opinion, constitute him the owner of the land through which the railroad passed, within the meaning of the statute as construed by this court. Therefore we say that under the statute the railroad company should not have been required to make and maintain the crossing here in question over or under its track, as Mr. Dodd is not so situated as to entitle him to exercise the right given under section 4058. At all events, if the statute gives a right to require the establishment of a crossing over the track to a landowner situated several miles from the railroad, such as this case here with Mr. Dodd, still his remedy to enforce the right would be under the statute, and he could not resort to the State Railroad Commission to enforce his private right instead of going into the courts for that purpose.

These views are sustained by the following authorities: *Railroad Co.* v. *Murrell,* 78 Miss. 446, 28 So. 824;

*Railroad Co.* v. *Jones,* 73 Miss. 397, 18 So. 684; *Seel Binder* v. *I. C. R. R. Co.,* 73 Miss. 84, 19 So. 300; *G. & S. I. R. R. Co.* v. *Railroad Commission,* 94 Miss. 124, 49 So. 118.

The decree of the lower court is affirmed.

*Affirmed.*