(No. 13748.—Cause transferred.)
THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COM-
PANY, Appellant, *vs.* AUGUST MALMGREN, Appellee.

*Opinion filed April 21, 1921.*

APPEALS AND ERRORS—*when question of freehold is not involved.*
A bill by a railroad company to enjoin the destruction of a fence
which it erected when it ceased to maintain a crossing where the
defendant's private right of way crossed the tracks does not in-
volve a freehold where the defendant's title to the easement or the
extent thereof is not questioned, the only question being whether or
not the defendant is "the proprietor of land adjoining a railroad,"
within the meaning of section 1 of the act relating to fencing and
operating railroads.

APPEAL from the Circuit Court of Kane county; the
Hon. C. F. IRWIN, Judge, presiding.

ALSCHULER, PUTNAM & FLANNIGEN, and J. A. CON-
NELL, for appellant.

MIGHELL, GUNSUL & ALLEN, for appellee.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellant filed its bill in the circuit court of Kane county
for an injunction to restrain appellee from removing cer-
tain fences along the right of way of appellant. The court
dismissed the bill for want of equity and it is sought to
bring the appeal here.

It appears from the undisputed evidence that appellant's
line of railway extends through the southwest quarter of
section 16 and the southeast quarter of section 17 in Big
Rock township, in Kane county; that in 1884 the land on
both sides of this railway was owned by Andrew Ander-
son, and the land immediately adjoining the southwest quar-
ter of section 16 on the north line thereof was owned by
Anne Davis. It appears that the public highway extending
east and west lies 120 rods south of the south line of the
land owned by Anne Davis. In 1884 Anne Davis pur-

chased from Anderson a right of way extending from the southwest corner of her land south across the land of Anderson and across the right of way of appellant 80 rods, thence west 22 rods and south 40 rods to the public highway, a private right of way described by metes and bounds. Later Anne Davis conveyed her said land to the appellee. Her deed to the appellee also conveyed this right of way. Shortly after the conveyance of the right of way to Anne Davis appellant established a farm crossing across its right of way at the point of intersection of the private right of way with such right of way of appellant. In October, 1919, appellant was notified by the then owners of the land lying north and south of appellant's right of way, who are the successors in title to Andrew Anderson to the land, that they no longer desired to use said crossing, and appellant thereupon fenced and ceased to maintain it. Appellee tore down the fence, and appellant filed this bill for injunction.

It is contended by appellant that this court has jurisdiction on appeal in a case of this kind. There is in this case, however, no dispute as to appellee owning a perpetual easement but such is admitted. There is no doubt or dispute as to the extent of that easement as provided in his deed. The only question involved in the case is whether or not, under section 1 of an act entitled "An act in relation to fencing and operating railroads," in force July 1, 1874, (Hurd's Stat. 1917, p. 2348,) appellant is required to construct and maintain a crossing for the benefit of appellee as the proprietor of land adjoining a railroad.

While it is not to be doubted that a perpetual easement involves a freehold and an appeal from a proceeding in which such easement is questioned lies to this court, (*Funston* v. *Hoffman,* 232 Ill. 360; *Chaplin* v. *Commissioners of Highways,* 126 id. 264;) yet no such question appears in this case. Without disputing his title or in any way affecting the easement granted over the land of the. grantor of such easement, the question in the case is whether

or not appellee is the proprietor of land adjoining a railroad, as that term is used and intended in the act herein referred to. This is purely a question of the construction of a statute and one in which this court does not have jurisdiction on appeal in the first instance.

The cause will therefore be transferred to the Appellate Court for the Second District. *Cause transferred.*