## Chicago, Burlington & Quincy Railroad Company, Appellant, v. August Malmgren, Appellee.

### Gen No. 6,964.

1. RAILROADS—*what adjoining proprietors' Farm Crossing Act intended to aid.* It seems that in enacting the Farm Crossing Act (Cahill's Ill. St. ch. 114, ¶ 78), the legislature intended to aid only such proprietors of lands adjoining a railroad right of way as are engaged in farming, i. e., in agriculture and stock raising.

2. RAILROADS—*what proprietors' Farm Crossing Act intended to aid.* The farm crossing statute (Cahill's Ill. St. ch. 114, ¶ 78) is intended to aid proprietors of farm lands adjoining the railroad right of way, not proprietors of remote farm lands.

3. RAILROADS—*holder of easement of way as not entitled to continued maintenance of farm crossing.* An easement in perpetuity of a right of way across land on both sides of a railroad at a point where a farm crossing is maintained for the benefit of the owners of the land adjoining the railroad right of way is not such an interest in the adjoining land as will entitle such easement holder to compel the maintenance of the farm crossing after the adjoining owners no longer desire it, and he will be enjoined from destroying fences, closing such crossing and trespassing upon the railroad right of way.

Appeal from the Circuit Court of Kane county; the Hon. C. F. IRWIN, Judge, presiding. Heard in this court at the October term, 1921. Reversed and remanded with directions. Opinion filed February 23, 1922. *Certiorari* denied by Supreme Court (making opinion final).

ALSCHULER, PUTNAM & FLANNIGEN, and J. A. CONNELL, for appellant.

MIGHELL, GUNSUL & ALLEN, for appellee.

MR. JUSTICE JONES delivered the opinion of the court.

The appellant railroad company filed its bill of complaint in the circuit court of Kane county for an injunction to restrain the appellee, Malmgren, from tearing down fencing and trespassing upon its right of way. Answer was filed and proofs taken and heard.

The court entered a decree dismissing the bill for want of equity, and the complainant attempted to appeal this cause to the Supreme Court alleging that a freehold was involved. The Supreme Court held that no freehold was involved and transferred the cause to this court. (*Chicago, B. & Q. R. Co. v. Malmgren*, 297 Ill. 477.) The undisputed proof in this case shows one of the lines of the appellant railroad company runs in an easterly and westerly direction through the southwest quarter of Section 16 and the southeast quarter of Section 17 in Big Rock township, in Kane county, and possesses a right of way over said land 100 feet in width; and that in 1884 the land on both sides of the railroad right of way was owned by Andrew Anderson. A farm crossing over the railroad right of way was established in the southwest quarter of said Section 16 so as to connect the lands on both sides of the said right of way. At the time this crossing was established, Anne Davis was the owner of certain land lying immediately north of and adjoining Anderson's land. There was then and is now a public highway running approximately east and west and located 80 rods south of said right of way. The land of Anne Davis is 40 rods north of said right of way. She, being desirous of getting an outlet from her farm to this public highway, purchased from Anderson, "A private right of way over his said lands to the public highway aforesaid." The deed from Anderson to Davis described the private right of way by metes and bounds. It may be briefly described to be a tract of land 24 feet in width from the southwest corner of her land to the north side of the railroad right of way and also a strip of the same width from the south side of said right of way to the said public highway. The grant in said deed is to Anne Davis, her heirs and assigns forever "at all times freely to pass, on foot, or with horses * * * wagons * * * or other vehicle or carriage whatsoever, from the lands now owned by her to the

public highway aforesaid.'' The Davis land was afterwards conveyed to appellee by a deed which carried with it the above-mentioned private right of way. Appellee and his grantors used said private right of way without interruption or interference until about the 15th day of October, 1919, when the appellant removed said crossing and placed a line of fencing in place of the gates that had theretofore existed. Appellant was notified on October 13, 1919, by the owners of the land immediately adjoining its right of way that they no longer desired to use said crossing.

The next day after the crossing had been removed, Malmgren cut and tore down the fencing and used and continues to use the railroad right of way in order to obtain ingress and egress between his said farm, which contains about 92 acres, and the said public highway.

At the time when said gates were removed and farm crossing obstructed by the appellant, the land immediately adjoining the railroad right of way on the north was owned by Theodore Stolp and the land immediately south of the railroad right of way was owned by Paul Paulson. Both of these tracts are used for agricultural purposes.

The only question involved in this case is whether or not appellant is compelled under paragraph 62, ch. 114, Hurd's Rev. St. 1917 (Cahill's Ill. St. ch. 114, ¶ 78), to maintain a crossing for appellee on the ground that he is such a proprietor of land adjoining a railroad, as that term is used and intended by said statute.

The Act of the General Assembly above referred to provides: ''That every railroad corporation shall * * * erect and thereafter maintain fences * * * with gates or bars at the farm crossings of such railroad, which farm crossing shall be constructed by such corporation when and where the same may become necessary, for the use of the proprietors of the lands adjoining such railroad,'' etc. We have quoted

only such part of the paragraph as directly relates to the question under consideration. However, when the entire paragraph is read it will be observed that the evident purpose of the legislature in making the enactment provided for in said paragraph was to compel railroad corporations to fence both sides of its right of way (with certain specified exceptions) in order to prevent live stock from getting on the railroad and in order to meet the convenience and necessity of proprietors of lands adjoining any railroad. It is required that the railroad shall construct farm crossings when and where the same may become necessary for the use of such proprietors.

When we consider the purpose of said statute, known as the "Fencing Act," we must conclude that the legislature in its enactment recognized that it would be manifestly unjust to the proprietor of land immediately adjoining the railroad right of way, and especially to those who were the owners of land on both sides of the right of way, to have no means of crossing the track of the company in getting to and from their lands used for agricultural purposes. In surveying and building railroads, it is not uncommon that the right of way will be extended through a man's farm. If the railroad company were not compelled by law to maintain a crossing for such proprietor, then it would not be hard to imagine a case where the proprietor would be deprived of the use of that portion of his land which was cut off from the rest of his farm. It seems to us that the legislature intended to aid only such proprietors of lands adjoining a railroad right of way as are engaged in farming, that is to say, in agriculture and stock raising. The crossings are denominated by the statute as farm crossings. It is apparent that Anderson at the time the crossing was constructed was such a proprietor as was contemplated by the statute. He had a clear legal right to

a farm crossing over the company's right of way if he desired to exercise it.

Assuming then that Anderson's right to such a crossing at the time it was established be undenied, can it be said that he had the power to convey that right to some one else who was not the owner of land adjoining the company's right of way? It is conceded by appellee that the right to a farm crossing exists only in a proprietor of lands immediately adjoining a railroad right of way; but he insists that by reason of his easement or private right of way acquired from Anderson, he is a proprietor of lands immediately adjoining the company's right of way. Were it not for this easement, he could make no such claim. Then the question presents itself to us, can one who owns no land immediately adjoining a railroad right of way compel the railroad company to maintain a crossing simply by acquiring an easement over the lands of some one who does, in fact, own land adjoining the railroad right of way? If an adjoining proprietor can convey the rights given him by the statute by merely granting an easement through his land to his neighbor, then it would follow that the neighbor can convey such right to his neighbor and so on until the most remote land proprietor might, by acquiring such easement, compel the railroad company to maintain a farm crossing for his sole benefit. Such is not within the contemplation of the statute. Railroad crossings are maintained at great hazard and expense, particularly when they are grade crossings. It cannot be the policy of the law that farm crossings should be maintained when, as in the present case, the proprietors who actually own and farm the land immediately adjoining the right of way desire to have such crossing closed. The farm crossing in question is not necessary for any purpose of appellee in farming his said land except to furnish him an outlet to a public highway which is three-quarters of a mile from his farm. We

admit that such an outlet is desirable but this furnishes us with no reason to deprive the railroad company of its substantial rights and to give a construction to a statute which was never intended by the General Assembly. The statute was intended to aid proprietors of farm lands adjoining the railroad right of way, not proprietors of remote farm lands. We hold that appellee because of his easement is not a proprietor of lands adjoining the company's right of way within the meaning of the statute, and because thereof he cannot compel the maintenance of the farm crossing in question.

We are aware of no adjudicated case in this State bearing directly upon the question here involved. However, the Supreme Court of Mississippi in the case of *Mississippi R. R. Commission v. Illinois Cent. R. Co.*, 113 Miss. 92, 73 So. 878, in construing a statute very similar to that under consideration here, held that a landowner who owned land on both sides of a railroad company's right of way but did not immediately adjoin it on either side was not a proprietor of lands adjoining the railroad company, notwithstanding the fact that he had secured a right of way over the lands of others between his said two tracts. And the court in its opinion said: "The fact that Mr. Dodd had secured a right of way over the land adjoining the railroad right of way did not, in our opinion, constitute him the owner of the land through which the railroad passed, within the meaning of the statute as construed by this court. Therefore, we say that under the statute the railroad company should not have been required to make and maintain the crossing here in question over or under its tracks, as Mr. Dodd is not so situated as to entitle him to exercise the right given under section 4058."

Under the allegations and proofs in this case, appellant was entitled to a decree granting the relief prayed for in its bill of complaint. Therefore, the de-

cree entered by the chancellor is reversed and this cause is remanded with directions to the chancellor to enter a decree enjoining and restraining appellee from trespassing upon the right of way of appellant and from cutting and removing appellant's fences as prayed in the bill of complaint and also for costs.

*Reversed and remanded with directions.*