## JACKSON v. ST. LOUIS & S. F. RY. Co.

[81 South. 796, Division B, No. 20627.]

1. HIGHWAY. *Changing public road. Liability of county.*
   Where a highway was a means of ingress and egress to and from a plantation to market, the county is liable for damages to the owner for so changing the public road as to deny him such ingress and egress to his plantation without notice and compensation.

2. RAILROADS. *Plantation crossing.*
   The statute requiring railroads to establish and maintain plantation crossing does not apply to one whose land is not entered by the track, although it be in the same inclosure with those of another which was entered.

APPEAL from the circuit court of Monroe county. HON. CLAUDE CLAYTON, Judge.

Suit by Jesse Jackson against the St. Louis & San Francisco Railway Company. From a judgment for defendant, plaintiff appeals.

The facts are fully stated in the opinion of the court.

*Paine & Paine,* for appellant.

ETHRIDGE, J., delivered the opinion of the court.

The appellant brought suit in the circuit court against the appellee for damages for destroying certain crossings which crossed the right of way of the appellee, and which formerly constituted a public highway crossing a portion of appellant's land to the railroad both east and south from appellant's land, but which land did not extend across the railroad crossing. The public highway through appellant's land was abandoned by the board of supervisors of the county as a public highway by an order on the minutes, and the railroad com-

pany was given permission by the board to abolish said crossings. This left appellant without means of ingress and egress to the public highway, which had been so changed as to throw it east and south of the railroad track. The only method of reaching the public road was by going under a trestle to the public road over the land of other persons, including the right of way of the railroad company, and the declaration showed that the plaintiff could not carry as much on his wagon as formerly, and it was not as convenient to travel to the public road as formerly.

The appellee filed a plea of the general issue, and special notice under the general issue that the defendant will offer evidence to show that before the crossing was obstructed the board of supervisors of Monroe county, by an order entered upon their minutes, changed the route of the public road in question and abandoned that part of said road as the public road which crossed the defendant's line of railroad and traversed the plaintiff's land, and by the order of said board the new highway did not enter upon or cross the plaintiff's said land; that by the order of the said board, in the interest of the public safety, defendant was given the right to obstruct the crossings in question; that defendant, in obstructing said crossings, simply followed the order of the board of supervisors, and that said crossings, were not and are not necessary plantation crossings, as provided by the laws of the state of Mississippi; and that the defendant is under no obligation to construct and maintain them as such.

It appears that the plaintiff owns certain lands and that the railroad company's right of way began at the border of the appellant's land on the east, but that no part of the right of way was upon the land of the appellant. It appeared that the public road, before the change, ran through the southeast corner of a portion of appellant's land, and across other land, and crossed

the railroad to the south of appellant's land, and also across the railroad track east of said land, but neither crossing was upon the land of the appellant.

The record fails to show that the appellant ever used the land over which the road ran prior to the laying out of the public road, and that he had consequently acquired no easement by adverse user. The only use he made of the road or the crossings across the right of way was in traveling the public highway as other people did. The highway was a means of ingress and egress from appellant's plantation to market, and the county would be liable for so changing the public road as to deny him ingress and egress to his plantation without notice and compensation, as recently decided by this court in *Morris* v. *Covington County,* 118 Miss. 875, 80 So. 337. Under this decision the appellant had a right to propound his claim to the county for all the damages resulting from such change, provided such claim was propounded and proven as provided by law.

This court has heretofore decided that the statute requiring plantation crossings does not apply to one whose land is not entered by the track, although it be in the same inclosure with those of another which was entered. *Railroad* v. *Murrell,* 78 Miss. 446, 28 So. 824; *Railroad Commission* v. *I. C. Railroad,* 113 Miss. 92, 73 So. 878, L. R. A. 1917D, 907.

It follows, from what has been said, that a peremptory instruction for the defendant is proper.

*Affirmed.*