STATE HIGHWAY BOARD *et al.* *v.* BAXTER.

No. 6518.   September 19, 1928.

128

*Seward M. Smith* and *Bouhan & Atkinson,* for plaintiffs in error.
*M. Price,* contra.

HINES, J. (After stating the foregoing facts.)

■ A statement of the law governing the rights of the owners of lands abutting upon a highway is essential to the proper decision of this case. Such owners have two separate and distinct kinds of rights in a highway. One is a public right to use and enjoy the highway in common with all other members of the public. The other class of their rights arises from their ownership of property contiguous to the highway, which do not belong to the public generally. These rights exist regardless of whether the fee of the highway is in such owners or not. These rights include, among others, the easement of access. This easement "includes the right of ingress, egress, and regress, a right of way from a locus a quo to the locus ad quem, and from the latter forth to any other spot to which the party may lawfully go, or back to the locus a quo." Where a highway is laid out, and as a part of it a bridge with approaches is built across a stream, or an overpass over a railroad is constructed with such approaches, the owner of abutting land has a right of access to such approaches. An owner, however, is not entitled as against the public to access to his land at all points in the boundary between it and the highway, if entire access has not been cut off, and if he is offered a convenient access to his property and to improvements thereon, and his means of ingress and egress are not substantially interfered with by the public. If necessary to enable him to reach the traveled part of the road, he has the right to bridge a ditch or construct a grade for

that purpose, but in so doing he has no right to wilfully obstruct such ditch or highway, his rights as a private landowner being subordinate to the public right of construction and keeping the highway in repair. This easement of access is a property right which can not be damaged or taken from such owner without due compensation. Woodruff v. Paddock, 130 N. Y. 618 (29 N. E. 1021); Newton v. New York &c. R. Co., 72 Conn. 420 (44 Atl. 813); Minnequa Lumber Co. v. Denver, 67 Colo. 472 (186 Pac. 539); Town of Norwalk v. Podmore, 86 Conn. 658 (86 Atl. 582); Hill v. Hoffman (Tenn.), 58 S. W. 929; Dudding v. White, 82 W. Va. 542 (96 S. E. 942); Hyde v. Minnesota &c. Ry. Co., 29 S. D. 220, 238 (136 N. W. 92, 40 L. R. A. (N. S.) 48); Warner v. Holyoke, 112 Mass. 362; Jackson v. St. Louis &c. R. Co., 120 Miss. 149 (81 So. 796); Wegner v. Kelley, 182 Ia. 259 (165 N. W. 449); Jarman v. Freeman (N. J.), 85 Atl. 184; Indiana &c. R. Co. v. Eberle, 110 Ind. 542 (11 N. E. 467, 59 Am. R. 225); Eagle Tp. Highway Comrs. v. Ely, 54 Mich. 173 (19 N. W. 940); DePeyster v. Mali, 92 N. Y. 262; Heinrich v. St. Louis, 125 Mo. 424 (28 S. W. 626, 46 Am. St. R. 490); Morris v. Covington County, 118 Miss. 875 (80 So. 337); 2 Elliott on Roads and Streets (3d ed.), § 1180; Holloway v. Southmayd, 139 N. Y. 390 (34 N. E. 1047); 29 C. J. 547 (§ 263) C.

■ But it is insisted that the State Highway Board is vested with wide discretion in the location, construction, and maintenance of State-aid roads; and that the courts will not interfere with such discretion unless the same is abused. Conceding that the board has such discretion, its possession does not authorize it to take or damage private property without just compensation being first paid to its owner. Under the constitution of this State, private property can not be taken or damaged for public use without just compensation being first paid. Civil Code, § 6388. When a municipal corporation, in the exercise of the power conferred upon it to grade and improve its streets, destroys or impairs property rights, it is liable to the owner in an action for damages. *Mayor &c. of Macon* v. *Wing,* 113 *Ga.* 90 (38 S. E. 392). So a county is liable for damages to property so taken or damaged. *Smith* v. *Floyd County,* 85 *Ga.* 420 (11 S. E. 850); *Harris County* v. *Brady,* 115 *Ga.* 767 (42 S. E. 71). The legislature can not bestow upon one of its boards the right to take or damage private property for public use

without just and adequate compensation. We have seen that the right of the owner of land abutting upon a public highway to an easement of access is a property right; and such right is protected under the constitution of this State. Under its power and discretion this board can not entirely cut off such easement of access. The owner of land abutting upon a highway must be given a convenient access to his property and to the improvements thereon, and his means of ingress and egress are not to be substantially interfered with by the public.

■ In the deed from the plaintiff and his mother to the State Highway Board they grant to said board the right to do all necessary drainage in the construction and maintenance of said highway constructed over said right of way and on the lands of the grantors adjacent thereto; and they release the county and the State Highway Department from any claim for damages arising on account of construction of said highway, fills, embankments, ditches, culverts, or bridges, arising in any manner. Under this grant this board can do necessary drainage. The petition alleges that the digging of this ditch was unnecessary for drainage, and the plaintiff introduced evidence which would authorize the trial judge to find that this allegation was true. The defendants introduced evidence tending to establish the contrary.

■ The defendants further contend that this ditch in front of plaintiff's residence conduces to the safety of travelers along this highway. They assert that travelers in cars going north and traveling at a considerable rate of speed, going over this overpass, would not see persons entering this highway at a point in front of the residence of the plaintiff until within a short distance of each other, and that in consequence there might be serious accidents at that point. Travel along side roads leading into main arteries of travel is always more or less dangerous. We can not see how it is more dangerous to permit the plaintiff to enjoy the easement of access to his hotel than it is to permit him to have and enjoy the easement of access to his café, his hotel and café being located very close to each other. Under the evidence it was a question of fact whether the exercise by the plaintiff of his right of ingress and egress to his residence would unreasonably endanger the public safety; and under the evidence the trial judge was authorized to find that the apprehended danger did not so endanger the public

safety. But even if a finding to the contrary was demanded by the evidence, and even if the public safty demanded that the plaintiff should be denied his easement of access to his hotel, he could not be deprived of this right without compensation. From the evidence it would seem that a metal culvert could be placed in this ditch, and thus afford to plaintiff convenient ingress to and egress from his hotel, and thus not deprive him of his easement of access thereto.

Under conflicting evidence we can not hold as a matter of law that the trial judge erred in finding that the denial of the plaintiff's right of egress and ingress to his residence was illegal, and that for this reason he abused his discretion in granting an interlocutory injunction until the issues of law and fact can be fully threshed out and determined upon the trial of this case. The evidence authorized a finding that the exercise of the plaintiff's right of easement of access was rendered much more inconvenient by the digging of this ditch in front of his residence. It further appears that this ditch obstructed the free passage of traffic from the Riceboro road to this highway. Under the familiar principle that this court will not interfere with the discretion of a chancellor in granting an interlocutory injunction when there is conflict in the evidence, or where the evidence does not demand a finding that such injunction should not be granted, we affirm the judgment of the court below.        *Judgment affirmed.    All the Justices concur.*