HOWELL *et al. v.* BOARD OF COMMISSIONERS OF QUITMAN.

ATKINSON, J.  1. The act approved December 26, 1890 (Acts 1890-91, vol. 2, p. 619), amending the charter of the Town of Quitman, conferred upon the mayor and aldermen "power and authority to enact all necessary laws and ordinances, not inconsistent with the laws of the State and United States, for the general welfare of said town, the preservation of the peace and good order thereof, the protection and safety of person and property therein." The new charter of the City of Quitman (Acts 1905, p. 1060) conferred upon the mayor and council "all the powers  .  .  now belonging to the said Town of Quitman," and powers to "make and enact  .  .  such ordinances, rules, regulations,

and resolutions for the transaction of its business, and the welfare and proper government of said city, as to said council may seem best, and which shall be consistent with the laws of the State of Georgia, and the laws of the United States" (section 1), and to "have full and complete control of the streets, sidewalks, alleys, and squares in said city" (section 40). By a subsequent act approved August 10, 1921 (Acts 1921, p. 1055), the foregoing charter was amended by providing, among other things, for the Board of Commissioners of the City of Quitman to take the place of the mayor and council. *Held*, that the foregoing charter provisions were · sufficient to confer police power to enact ordinances for the convenience and safety of the public, and to that end establish and maintain streets and sidewalks and exercise "full and complete control" over them, including regulation of traffic thereon.

2. The ordinance was an exercise of the police power of the city, for safety of persons and property rightfully using the street and sidewalk as a way of travel as against the dangers incident to operation of automobiles and other motor-vehicles across the sidewalk.

3. A filling-station is not per se a nuisance. *Standard Oil Co.* v. *Kahn*, 165 *Ga.* 575 (141 S. E. 643).

4. In *State Highway Board* v. *Baxter*, 167 *Ga.* 124 (144 S. E. 796), it was held: "Owners of land abutting. upon a highway have the right to use and enjoy the highway in common with other members of the public; and in addition they have an easement of access to their land abutting upon the highway, arising from the ownership of such land contiguous to the highway, which easement of access does not belong to the public generally, and which exists regardless of whether the fee of the highway is in said owners or not. . . This easement 'includes the right of ingress, egress, and regress, a right of way from a locus a quo to the locus ad quem, and from the latter forth to any other spot to which the party may lawfully go, or back to the locus a quo.' . . This easement of access is a property right, of which the landowner can not be deprived upon the ground that the safety of the public traveling upon the highway may be endangered by the exercise of this easement by the abutting landowner, without just and adequate compensation being first paid to the owner. Under its power and discretion in the location, construction, and maintenance of State-aid roads, the State Highway Board can not deprive the owners of land abutting thereon of their easement of access, without first paying to such owners just and adequate compensation therefor." In other jurisdictions there is a conflict of authority on this question. Among the cases which accord with the foregoing decision of this court are: Standard Oil Co. *v.* Kearney, 106 Neb. 558 (184 N. W. 109, 18 A. L. R. 95); Brownlow *v.* O'Donoghue, 51 App. D. C. 114 (276 Fed. 636, 22 A. L. R. 939); Anzalone *v.* Metropolitan District Commission, 257 Mass. 32 (153 N. E. 325, 47 A. L. R. 897). Among the cases holding a contrary view is Wood *v.* Richmond, 148 Va. 400 (138 S. E. 560).

5. Under application of the foregoing principles, the applicants had the right to locate their filling-station at the place in question, and to have reasonable means of ingress and egress for motor-vehicles over the sidewalks on both Screven and Washington Streets, subject to municipal

regulation. This was a constitutional right of which they could not be deprived without just and adequate compensation. It was an abuse of municipal discretion to refuse the application, and the trial judge erred in refusing mandamus absolute. 13 R. C. L. 142, § 125; Brownlow *v.* O'Donoghue, supra.

*Judgment reversed. All the Justices concur, except Russell, C. J., dissenting.*

No. 6795.  SEPTEMBER 19, 1929.

*L. W. Branch, E. K. Wilcox,* and *T. G. Connell,* for plaintiffs.
*Russell Snow,* for defendants.