PILGREEN *v.* CITY OF ATLANTA; *et vice versa.*

Nos. 16458, 16475. February 14, 1949.

*Harold Sheats*, for plaintiff.

*John E. Feagin, J. C. Savage, J. C. Murphy*, and *J. M. B. Bloodworth*, for defendant.

*Augustine Sams* and *Grigsby H. Wotton*, as amici curiæ.

CANDLER, Justice. (After stating the foregoing facts.) In the main bill of exceptions I. W. Pilgreen is plaintiff in error and the City of Atlanta is defendant in error. In this opinion they will be referred to as plaintiff and defendant respectively. The validity of the act (Ga. L. 1947, p. 601) under which the defendant seeks to take the plaintiff's property is challenged upon several constitutional grounds, among which is one attacking the act on the ground that it offends art. 1, sec. 3, par. 1 of the Constitution of 1945, which provides that private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid. We will dispose of this question first, for if the act is unconstitutional for that

reason no useful purpose would be served in dealing with the other attacks made upon it. If the act in question does, as the plaintiff contends, authorize the taking of private property for a public use without first paying the owner just and adequate compensation therefor, then it is invalid because nothing could be plainer or more explicit than the terms of our Constitution which prohibit this. Essential, of course, to the right of eminent domain is a method or procedure for determining the question of "just and adequate compensation" for the property to be taken, and concededly this is a matter for the legislature. If the act in question does in fact provide for the payment of the property before it is taken, then there is no merit in this attack. Respecting this, all the authorities agree that the owner of property taken or damaged for a public use is entitled to be heard upon the question of compensation; and in order that this right may be made available, he must be given such notice as will afford him a reasonable opportunity to be heard. As to this, there is no contrariety of judicial opinion. In the present case the defendant contends that the act in question confers upon it the right to take private property for its street purposes, and that it provides a method or procedure for ascertaining what is just and adequate compensation therefor, and for the payment thereof, which when complied with fully satisfies our constitutional requirement on the subject. To this we do not agree. It is elementary that neither the legislature nor the courts have a right to violate or evade the Constitution, and the provision of it with which we are now dealing is too plain to be misunderstood by either. As we see and construe the act in question, the acquiring authority may, without any previous effort to reach an agreement with the owner respecting value, file proceedings in rem for the condemnation of any quantity of land it deems necessary for specified public purposes, and at the same time, without any prior notice of its intention to do so, file a declaration of taking containing, among other things, its estimate of the value of the property to be taken, and upon the court's tentative approval of the condemnor's estimate of value, subject to a verdict and final judgment; and, upon the payment of such amount into the registry of the court, by express terms of the act "title to the said lands in fee-simple absolute, or such less

estate or interest therein as is specified in said declaration, shall vest in the acquiring authority, and said lands shall be deemed to be condemned and taken for the use of the acquiring authority, and the right to just compensation for the same shall vest in the persons entitled thereto; and said compensation shall be ascertained and awarded in said proceeding and established by judgment therein." Simultaneously with the filing of the petition for condemnation and the declaration of taking, the court is authorized under the act "to fix the time within which and the terms upon which the parties in possession shall be required to surrender possession to the petitioner." All of this, as we have pointed out, may be done on the same day and before the owner is given any opportunity to be heard. Clearly, and without any question, this amounts to nothing short of taking private property for a public use without first paying the owner just and adequate compensation therefor. The "just and adequate compensation" which must be paid under our Constitution before private property can be taken for a public use is that amount which may be awarded as such by a proper tribunal after the parties at interest have been afforded a reasonable opportunity to be heard; and to hold otherwise would render our constitutional requirement on the subject meaningless. And a different ruling is not required because the act in question provides for a jury trial to determine the value of the land taken, and this is true for the reason that under the express terms of the act the condemnor acquires title to and possession of the owner's land before he is afforded any right to be heard on the question of compensation. To comply with our Constitution, just and adequate compensation must be paid to the owner before his property can be taken for a public use, and fundamental to our jurisprudence is the owner's right to be heard upon the issue of what amount constitutes fair and adequate compensation. The act in question does not afford that right.

Our ruling here is not in conflict with the decision of this court in *Oliver* v. *Union Point & White Plains R. Co.*, 83 *Ga.* 257 (9 S. E. 1086.) That case, like this one, was a proceeding to take private property for a public use, and the assessors after affording the owner an opportunity to be heard, as they were required

to do by statute, fixed the amount of compensation to be paid for the same. Payment of that amount into the registry of the court, which the owner declined to accept, as the court then held, was the equivalent of actual payment. The owner's right to be heard upon the question of just and adequate compensation for the property to be taken clearly distinguishes that case from the present one.

Since the act in question is so clearly unconstitutional for the reason stated above, it would be useless to pass upon the other attacks made upon it.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur.*