HARRISON *v.* CITY OF EAST POINT *et al.*

CANDLER, Justice. Harrison filed an equitable suit in Fulton County Superior Court against the City of East Point, a municipal corporation, and against George H. Sparks, both individually and in his official capacity as Civil Engineer of the City of East Point. So far as it need be stated, his amended petition in substance shows the following: "Conley Hills" is a tract or boundary of land in the City of East Point which the owner, in 1937, divided into lots, streets, and alleys, and caused a surveyor's map or plat of the same to be duly recorded in the office of the Clerk of the Superior Court of Fulton County, Georgia. Subsequently, on August 22, 1938, the plaintiff purchased, and now owns, lot 7, in block Q, section 1 of the subdivided area, and his deed therefor refers to the recorded map or plat for descriptive purposes. There is, as shown by and delineated on the recorded map or plat, a 20-foot alley adjacent to his lot on the south. The defendant, without any compensation to him, is taking over the aforesaid alley for public-street purposes in violation of stated provisions of the State and Federal Constitutions. Preparatory to and for the purpose of taking and using said alley for public-street purposes, the defendants are causing speci-

fied changes to be made in the same through construction operations presently being performed. He prayed for process, and that the defendants be enjoined from interfering with and from unlawfully taking, appropriating, and using his private property for public-street purposes. His amended petition was dismissed on general demurrer thereto, and the exception is to that judgment. *Held:*

1. Under article. 1, section 3, paragraph 1, of the Constitution of this State, private property cannot be taken or damaged, for public purposes, without just and adequate compensation being first paid. Code (Ann. Supp.), § 2-301. Accordingly, payment of just and adequate compensation therefor must always precede the taking of private property, for public-street purposes, by a municipal corporation. *Pilgreen* v. *City of Atlanta,* 204 *Ga.* 710 (51 S. E. 2d, 655).

2. When, as in this case, the owner of a tract or boundary of land divides it into lots, streets, and alleys, causes a map or plat of the same to be made and duly recorded whereby the lots, streets, and alleys are delineated, and sells the lots with reference thereto, the purchasers acquire private property rights in the streets and alleys of the subdivision. *Ford* v. *Harris,* 95 *Ga.* 97 (22 S. E. 144); *Murphey* v. *Harker,* 115 *Ga.* 77 (41 S. E. 585); *Wimpey* v. *Smart,* 137 *Ga.* 325 (73 S. E. 586); *Gibson* v. *Gross,* 143 *Ga.* 104 (84 S. E. 373); *Aspinwall* v. *Enterprise Development Co.,* 165 *Ga.* 83 (140 S. E. 67); *Tietjen* v. *Meldrim,* 169 *Ga.* 678 (151 S. E. 349); *Thompson* v. *Hutchins,* 207 *Ga.* 226 (60 S. E. 2d, 455). In *Tietjen's* case, supra, this court held: "As lots in this subdivision were sold, and the purchasers got their deeds thereto, the purchasers acquired title to the lots and the rights of way over these streets as appurtenant thereto. The fee in the land embraced in the streets became vested in the owners of the abutting lots to the middle of the street, subject to the rights of way over the same in favor of the purchasers of the lots in this subdivision, for the purposes of ingress and egress to and from their lots. [Citing cases]. These purchasers acquired a clear title to their lots, a complete right to the rights of way in and over these streets as appurtenant to their lots, and title in fee in one half of the soil embraced in the streets adjoining their lots." Thus tested, the amended petition in this case sufficiently shows that the plaintiff has private property rights, in the area covered by the alley here involved, which can not be taken and appropriated by the defendants for public street uses, without just and adequate compensation for the same being first paid.

3. Equity will enjoin a municipal corporation, its officers and employees from unlawfully taking private property for a public use. *Wardens and Vestry of Christ Church* v. *Mayor &c. of Savannah,* 69 *Ga.* 749. Compare *Harrold Bros.* v. *Mayor &c. of Americus,* 142 *Ga.* 686 (83 S. E. 534).

It follows, from the preceding rulings, that the allegations of the amended petition were sufficient to state a cause of action for the relief sought, and it was, therefore, erroneous, as contended, for the trial judge to sustain the defendants' general demurrer.

*Judgment reversed. All the Justices concur.*

No. 17722. ARGUED .JANUARY 17, 1952—DECIDED JANUARY 29, 1952— REHEARING DENIED FEBRUARY 14, 1952.

694

*Guy Parker* and *Harold Sheats,* for plaintiff.
*Phillips, Johnson & Williams,* for defendants.