19919.   STATE HIGHWAY DEPARTMENT OF GEORGIA *v.* STRICKLAND *et al.*

SUBMITTED JANUARY 13, 1958—DECIDED FEBRUARY 7, 1958.

*Eugene Cook, Attorney-General, Paul Miller, E. J. Summerour, Assistant Attorneys-General, Ariel V. Conlin,* for plaintiff in error.
*Wm. A. Zorn,* contra.

ALMAND, Justice. The State Highway Department of Georgia, by its bill of exceptions, assigns error on the orders of the trial court overruling its general demurrers to the petition of S. A. Strickland and others, seeking a temporary and permanent injunction, and granting a temporary injunction after an interlocutory hearing.

Count one of the petition as amended alleged in substance that petitioners are the owners of a tract of land located in the City of Jesup, which abuts 50 feet on the right of way of Cherry Street, also known as State Highway 27 and U. S. Highway 341; that said right of way is 100 feet in width; that petitioners operate a wholesale meat-packing plant on this tract and maintain a platform at the south end of the building immediately adjoining the north edge of the highway right of way; that large trucks and vans of their suppliers and customers, in order to load and unload, have to back up to the platform from Cherry Street and, due to their length, said vehicles require an entrance direct from the paved portion of the highway. The State Highway Department is causing certain improvements to be made in the highway right of way in front of petitioners' property, wherein certain concrete curbs will be constructed in the highway right of way that will limit the access to and egress from their property. The location of the curbs, as shown by a drawing attached as an exhibit to the petition, will be 16 feet from the petitioners' property and within the highway right of way 22 feet from the center of the paved portion. Although the petitioners will have access to their premises all along Cherry Street, it is alleged that the installation of the curbs will leave only 16 feet between their building and the curb, and will therefore make it impossible for any vehicle to back up from the paved highway to the loading platform, and that such installation will deprive petitioners of a convenient access to their property, resulting in irreparable injury and damage to their property amounting to a confiscation without due process of law, without compensation and without any right or necessity therefor. It was further alleged that such installation is unreasonable, unnecessary, and arbitrary, but this is a mere conclusion unsupported by any specific allegation of fact.

The management and control of the State system of roads is

vested in the State Highway Board. Code (Ann.) § 95-1606. A court of equity will not interfere with the discretionary action of the State Highway Department in locating, grading or improving a State-aid highway, within the area of their legally designated powers, unless such action is arbitrary and amounts to an abuse of their discretion. *Crump v. State Highway Department*, 191 *Ga.* 130 (12 S. E. 2d 310), and the cases therein cited. As owners of property abutting on the right of way, the plaintiffs have the right to use and enjoy the highway in common with all other members of the public as well as rights, arising from their ownership of property contiguous to the highway, which do not belong to the public generally, viz., the easement of access to and egress from their property to the highway. They are not entitled however, as against the public, to access to their land at all points in the boundary between it and the highway if the entire access has not been cut off, and if they are afforded a convenient access to their property and the improvements thereon, and their means of ingress and egress are not substantially interfered with by the public authorities in charge of the highway. *State Highway Board v. Baxter*, 167 *Ga.* 124 (144 S. E. 796).

It appears from the allegations in this count of the petition that the concrete curbs which the defendant proposes to erect in front of the plaintiffs' property will be located in the highway right of way between the paved portion thereof and the plaintiffs' property, and that no part of the curbing will be nearer than 16 feet to the plaintiffs' property, and that the plaintiffs will have access to their property at all points along their boundary abutting the right of way. The primary complaint of the plaintiffs is that, in the operation of their business, the loading platform of their packing plant abuts the highway right of way, and if the curbs or barriers are installed in the unpaved portion of the right of way, this will prevent large trucks and vans from backing up to the loading platform from the paved portion of the highway. It is argued that, having used the unpaved portion of the right of way between their building and the paved highway for many years in the loading and unloading of trucks, the installation of the curbs in front of their building will violate their rights as abutting owners. This contention is not meri-

torious for the reason that the proposed curbs will be located in the highway right of way, and the defendant has the right to appropriate the entire width of the right of way for highway purposes whenever, in its judgment, it becomes necessary for the public necessity and convenience that such be done. *City of Atlanta* v. *Holliday*, 96 *Ga.* 546 (23 S. E. 509). In *Moore* v. *City of Atlanta*, 70 *Ga.* 611, it was held that an abutting property owner was not entitled to injunctive relief to prevent the municipal authorities from grading a public street because of the damages that would result to the abutting owner's property where the work proposed to be done was entirely in the public street. It was there said that there is a broad distinction between cases of this character and those cases in which possession and dominion over private property is taken for public use. In *Hurt* v. *City of Atlanta*, 100 *Ga.* 274 (28 S. E. 65), it was held that, even though the erection of a bridge in a public street might render less convenient the means of ingress and egress to an existing building on an abutting lot, such was not a taking of property within the meaning of the constitutional provision which requires the payment of just and adequate compensation before taking or damaging private property for public purposes. Since the decision in *Moore* v. *City of Atlanta*, 70 *Ga.* 611, supra, it has been the settled rule of law that equity will not, by interlocutory injunction, interfere with a public improvement in which no part of the property of the citizen was actually taken. *Brown* v. *Atlanta Ry. &c. Co.*, 113 *Ga.* 462, 476 (39 S. E. 71). See also *Brown* v. *City of Atlanta*, 167 *Ga.* 416 (145 S. E. 855). The cases of *State Highway Board* v. *Baxter*, 167 *Ga.* 124, supra, and *Howell* v. *Board of Commissioners of Quitman*, 169 *Ga.* 74 (149 S. E. 779), are not applicable here, for the reason that the work being done in the highway in those cases prevented *any* access of the abutting owners to or egress from the highway to their properties.

It appearing that all the work proposed to be done by the defendant is within the limits of the highway right of way, and that the only relief sought in this court is to enjoin the defendant from doing the work, it was error to overrule the general demurrers to count one of the petition.

Count two of the amended petition alleges that the de-

fendant is causing certain improvements to be made in the Cherry Street right of way, and "in the course of said improvements has entered and threatened to enter upon a portion of petitioners' property for the purpose of appropriating the same for street or highway purposes; that defendant proposes, and has attempted and will continue to attempt, by and through its agents and servants, to install certain concrete curbs upon a portion of petitioners' property, so as to limit the access from said street or highway to petitioners' property; that defendant is threatening to continue said trespasses and it is necessary that such acts be enjoined in order to prevent a circuity and multiplicity of actions, said trespasses being continuous in nature. That defendant, by its acts aforesaid, is attempting to appropriate petitioners' property for highway purposes without first obtaining the same in some method recognized by law, and that said acts are in direct violation of the rights afforded and guaranteed to petitioners by Article I, Section 3, Paragraph I of the Constitution of the State of Georgia. That no need exists for the taking of petitioners' property for street purposes, and particularly, no need exists for the installing of said curbs." The prayers are that the defendant "be temporarily restrained and permanently enjoined from trespassing upon petitioners' property for any purpose, and particularly be restrained and enjoined from installing, or permitting, allowing or causing said curbs to be installed." This count of the petition stated a cause of action for injunctive relief to restrain the defendant from trespassing upon or taking the plaintiffs' property for public use. *Buchanan v. James*, 130 *Ga.* 546 (61 S. E. 125); *Glidden Co. v. City of Collins*, 189 *Ga.* 656 (7 S. E. 2d 266); *Harrison v. City of East Point*, 208 *Ga.* 692 (69 S. E. 2d 85).

■ The evidence introduced on the interlocutory hearing does not sustain the allegations of count two of the amended petition. On the contrary, the evidence discloses that all of the work which the defendant proposes to do in installing the curbs on Cherry Street, which is also a State and Federal highway, is to be done within the limits of its 100-foot right of way; that no part of the petitioners' property would be taken in the construction or the maintenance of these installations; that the nearest point of the curbing would be 16 feet from the petitioners' prop-

erty; that the effect of installing the curbs would be to limit the petitioners' access to their property from the paved highway so that, instead of trucks being able to enter their property from any point on their lot fronting on Cherry Street, vehicles will be restricted to entering by way of a 30-foot driveway and leaving by way of another 30-foot driveway; that the curbs, when installed, will prevent trucks from backing up to the loading platform from the paved street, in that they will be so located as not to leave any room for a truck or trailer to extend into the right of way while loading or unloading. The evidence on behalf of the defendant shows that Cherry Street is a heavily traveled main highway, and that the curbs or barriers proposed to be installed are traffic-control devices of the type and plan approved by the State Highway Department and the Federal government, the purpose of the device being to protect the traveling public and to prevent private enterprise from using the public right of way in a manner that endangers the public in its use of the highway. The undisputed evidence is that the installation of the curbs or barriers in the right of way will control ingress to and egress from the highway by abutting property owners, prevent the use of the public right of way for private enterprise, and protect the traveling public.

It conclusively appears from the evidence that the erection of the traffic-control devices in the highway right of way will not involve an appropriation of any part of the plaintiffs' property or a trespass thereon, and it was therefore error to enjoin the defendant from installing the curbs in the highway right of way.

*Judgment reversed in part and affirmed in part. All the Justices concur.*