23028. STATE HIGHWAY DEPARTMENT v. MacDONALD et al.

ARGUED JULY 12, 1965—DECIDED SEPTEMBER 9, 1965—
REHEARING DENIED SEPTEMBER 22, 1965.

Injunction. Elbert Superior Court. Before Judge Williford.

*Eugene Cook, Arthur K. Bolton, Attorneys General, Richard L. Chambers, E. J. Summerour, Assistant Attorneys General,* for plaintiff in error.

*Heard & Leverett, E. Freeman Leverett, Grant & Matthews, William F. Grant, Robert E. Knox,* contra.

MOBLEY, Justice. The thirteen plaintiffs, all of whom are engaged in the granite business, either as producers or haulers, filed their petition, as amended, in four counts against the defendants, Elbert County, the State Highway Department of Georgia, and Knox-Rivers Construction Company. Counts I and II are identical except that the basis for the relief sought is not the same, in count I it being that Elbert County is in the process of closing a public road, which leads to petitioners' property, and their action is ultra vires and contrary to law because they have not complied with the requirements of *Code Ch.* 95-2 by giving notice, etc. In count II it is alleged that the acts of the defendants "are unconstitutional, null and void, as being in violation of Art. I, Sec. III, Par. I of the Georgia

Constitution (*Code* § 2-301) which provides that private property shall not be taken or damaged for public purposes without just and adequate compensation being first paid," in that petitioners are deprived of access to their property. Counts III and IV contain the additional allegations that defendant State Highway Department is proceeding to block and close off the end of the connecting road referred to hereinbefore by placing barriers at the end of said road where it intersects with State Highways 17 and 72, and "the effect of such blocking by defendant State Highway Department . . . is to prevent the passage of traffic over said road to and from plaintiff's place of business." In addition, count III alleges that the State Highway Department has not designated the county road in question as a State-aid road and count IV contains the additional allegation (not in the other counts) that "the effect of the blocking and closing is to virtually destroy the usefulness of the entire road, and such blocking constitutes a nuisance."

In each of the counts the prayers are that defendant Elbert County be temporarily and permanently enjoined from effectuating the discontinuance of the said road, and that defendants, State Highway Department and Knox-Rivers Construction Company be temporarily and permanently enjoined from proceeding with construction on the project in such manner as will result in destruction, removal and abolition of said county road.

By separate bills of exceptions, the State Highway Department, Elbert County, and the plaintiffs who brought the petition, except to certain rulings of the judgment entered by the trial court. We deal first with the case of the State Highway Department of Georgia v. James A. MacDonald, as the rulings made therein will control in the other two cases, numbers 23027 and 23029.

■ (a) Counts I and II of the petition alleging that Elbert County by and through its governing authority, the Board of County Commissioners, has announced its intention to permanently close and abandon a described county road, has commenced installation of a power pole in the middle of the road, and has advised that said road will not be re-opened after temporary barricades installed pending construction are no

longer needed; that the defendant Knox-Rivers Construction Company, which is constructing the State highway under contract with the State Highway Department, is proceeding to grade and excavate away the said county road and will permanently destroy and abolish it; that the actions of the defendants are ultra vires and contrary to law, in that the defendant county has not first complied with requirements of *Code Ch.* 95-2 by giving notice, publishing citation or notifying petitioners that claims for damages may be asserted, states a cause of action as against general demurrer for injunction to temporarily and permanently enjoin Elbert County from closing the road. The county has no authority to close a county road except by compliance with the requirements of *Code Ch.* 95-2. The court did not err in overruling the general demurrer of Elbert County to counts I and II.

(b) The trial court properly denied a temporary injunction against Elbert County, for, as the court found from the evidence offered at the interlocutory hearing, Elbert County did not close the road. The evidence was undisputed that the State Highway Department and not Elbert County closed the road.

■ Counts III and IV of the petition first allege that Elbert County closed the road and by amendment was added the allegation that the State Highway Department was in the process of barricading and closing the road to traffic. Construing these conflicting allegations most strongly against petitioner as must be done on general demurrer, they allege that the State Highway Department closed the road and not Elbert County. Thus counts III and IV do not state a cause of action for injunction against Elbert County and the general demurrer of Elbert County to these counts should have been sustained.

■ The next question is, do they state a cause of action against the State Highway Department for injunction from barricading this road against traffic entering thereon from the road of which it had been a part.

The basis upon which these counts rest is that the State Highway Department has no right to close a county road. More is involved than the mere closing of a county road, for the petition shows that the State Highway Department has in-

corporated a described part of this county road into the State highway system as a part of a State-aid road. In this connection the petition alleges that the County Commissioners of Elbert County procured the approval of the State Highway Department of a described road project, a copy of the plans being attached to the petition; that the county commissioners approved and consented to the project as per the plans; and the plans show the incorporation of that portion of the county road in question into the State-aid road under construction. At the time the petition was filed, the contractor had begun construction on the project and was grading and bringing this road into the State-aid road project. While there is no specific allegation that written notice had been given the county commissioners that this road was designated as a part of the State-aid road system, as required by *Code* § 95-1705, the facts alleged to the effect that the plans of the construction project, which showed that the portion of the county road in question would be incorporated into a State-aid road, were submitted to the county commissioners and were consented to by them and work was begun thereon are sufficient to constitute compliance with this section. This was written notice to the county commissioners that the road was being made a part of a State-aid road system.

Thus, the question left for decision is, does the State Highway Department have the right to close this State-aid road to traffic from a county road, where in its discretion such is necessary in the construction, operation, and maintenance of said State-aid road? The facts alleged show that in the location and construction of this State-aid road project, the State Highway Department closed to traffic the part of the road taken into the State highway system from the part of the county road not taken. The streets of the towns and cities, and the county roads belong to the State and the State has "The power to have opened, worked, repaired, improved, or closed the public highways, streets, and roads," which power "may be exercised by the legislature in such manner and way, and under such circumstances, as it may deem best." *Lee County v. Mayor of Smithville,* 154 Ga. 550, 556 (115 SE 107).

The legislature created a system of State-aid roads by *Code Ch.* 95-17 and has provided by *Code Ann.* § 95-1504 that the State Highway Department is "To have charge and control of all road or highway work designated or provided for, or done by the State or upon the State-aid roads." By *Code* § 95-1705 it is empowered to designate or locate all State-aid roads, and by *Code Ann.* § 95-1728 (Ga. L. 1937, pp. 1081, 1082), to designate and take charge of any streets as a part of the State-aid system of roads within municipalities without the consent of the cities involved; to relocate any State-aid road (*Code* § 95-1708), and is vested with full control and supervision of all State-aid roads. *Code Ann.* § 95-1721 (Ga. L. 1935, p. 160). By *Code Ann.* § 95-1715 (Ga. L. 1919, p. 250 as amended) and *Code* § 95-1724, it is vested with the right to condemn for road and allied purposes rights of way and property thereon for the use of the system of State highways. *Elberton Southern R. Co. v. State Hwy. Dept.,* 211 Ga. 838 (1) (89 SE2d 645). Clearly the General Assembly has vested the State Highway Department with full control and supervision of the State-aid roads, as well as the right to locate and relocate such roads, which would include the right to close country roads where in its discretion such is necessary in the location and construction of State-aid roads, subject only to the limitation that there must be no abuse of that discretion. "In designating and locating a State-aid road, the State Highway Board is invested with a large discretion." And "a court of equity will not interfere with the discretionary action of this Board in designating and locating a State-aid road within the sphere of their legally delegated powers, unless such action is arbitrary and amounts to an abuse of discretion." *Jackson v. State Hwy. Dept.,* 164 Ga. 434 (138 SE 847); *Crump v. State Hwy. Dept.,* 191 Ga. 130 (12 SE2d 310); *State Hwy. Dept. v. Strickland,* 213 Ga. 785 (102 SE2d 3). The petition alleges a lack of authority to close the road, and if this were true it would be an abuse of discretion to close it, but the facts alleged show that the State Highway Department did have the right to close it, and no other facts alleged show abuse of discretion on the part of the Highway Department.

The question is whether the petition alleges a cause of action for injunction. The question of compensation for damages suffered by plaintiffs by reason of defendants' interfering with their ingress and egress to and from their property is not before us. It would appear that if such damage has been suffered by plaintiffs they have an adequate remedy at law. *Dougherty County v. Hornsby,* 213 Ga. 114 (97 SE2d 300) and cases cited.

The petition did not state a cause of action for enjoining the State Highway Department from placing barricades at the entrance to that part of the county road taken into the State highway system, so as to prevent traffic entering upon said road. Thus, the trial court erred in overruling the general demurrer of the State Highway Department to counts III and IV.

Since the petition did not state a cause of action for injunction against the State Highway Department the trial court erred in granting a temporary injunction against it.

*Judgment affirmed in part, reversed in part. All the Justices concur, except Cook, J., disqualified.*