## 27390.  MACON COUNTY v. CITY OF OGLETHORPE.

UNDERCOFLER, Justice. The City of Oglethorpe sought to enjoin Macon County from constructing a new road through its territory without its consent. Macon County in its answer admitted the construction of the road but averred that said road was not a part of the city's street system, that it would become a functioning part of the State Highway System, and that the action of the city in refusing approval thereof was in bad faith, unreasonable and an abuse of discretion. The trial court granted a motion to strike all defenses except the general denial and enjoined the construction until consented to by the City of Oglethorpe. This appeal followed. *Held:*

Where a municipal corporation is created, it becomes vested with jurisdiction over the territory within its corporate limits. Counties have no right to construct roads within a municipality without its permission. *Almand v. Atlanta Consolidated St. R. Co.,* 108 Ga. 417 (34 SE 6); *Bd. of Commrs. of Sumter County v. Mayor &c. of Americus,* 141 Ga. 542 (81 SE 435); *Wood v. Shore,* 160 Ga. 173 (127 SE 145). This rule does not apply to roads being constructed by direction of the State. *Lee County v. Mayor &c. of Smithville,* 154 Ga. 550 (115 SE 107); *State Hwy. Dept. v. MacDonald,* 221 Ga. 312 (3b) (144 SE2d 363). See *Code Ann.* §§ 95-1504, 95-1738.

The City of Oglethorpe is invested with authority to establish streets within its territory and it was not an act of bad faith, unreasonableness, nor an abuse of discretion to refuse to permit Macon County to encroach upon this prerogative. Macon County's answer that the road "will be a functioning part of the State.Highway System" was speculative. It did not show that the road was a part of the State Highway System and was being constructed as a State-aid road at the direction of the State.

These defenses were properly stricken and Macon County having admitted the construction of the road within the city limits without the city's consent, no issues remain to be tried. Therefore, the trial court was authorized to render judgment on the pleadings and the grant of the injunction was not error.

*Judgment affirmed. All the Justices concur.*
ARGUED SEPTEMBER 11, 1972—DECIDED NOVEMBER 9, 1972.

*Blanks & Chew, W. F. Blanks,* for appellant.
*Smith & Hargrove, William E. Smith,* for appellee.