## 33103. DEPARTMENT OF TRANSPORTATION v. ROBERTS et al.

HILL, Justice.

On August 15, 1977, appellees in this case filed companion complaints[1] seeking injunctive relief and naming as defendants E. R. Snell, Contractor, Inc.,[2] and the appellants, Georgia Department of Transportation ("DOT") and C. W. Matthews Contracting Co., Inc. The plaintiffs alleged that they were owners of certain motels and property which, prior to 1961, abutted a general access highway known as U. S. Highway 41. The plaintiffs ("the motels") further alleged that when U. S. 41 was converted to a limited access highway now called Interstate 75, a portion of the former northbound lanes of U. S. 41 was converted to a service road which provided access to their property, and entrance and exit ramps were constructed between the service road and the northbound lanes of I-75.[3] At the same time, a bridge was constructed which carried the northbound lanes of Georgia Highway 85 over I-75 and into the service road directly in front of the properties, and an off-ramp was constructed to carry traffic on a loop from the southbound lanes of I-75 to Ga. 85 near the point where it crossed the bridge described above. No access was provided from the properties to the southbound lanes of I-75.

On April 2, 1976, DOT entered into a public contract with Matthews which provided for removal of both the bridge carrying Ga. 85 over I-75 and the northbound entrance ramp to I-75 from the local service road. According to DOT, the purpose of the construction was to make the portion of I-75 near I-285 safer by constructing additional north and south lanes and by eliminating a

---

[1] The cases were consolidated by the trial court.

[2] E. R. Snell, Contractor, Inc., was voluntarily dismissed without prejudice on September 23, 1977.

[3] I-75 and the service road (formerly U. S. 41) parallel each other, running north and south, with the service road east of I-75 connected by on and off-ramps. The motels are located on the east side of the service road.

dangerous weaving pattern caused by the proximity of the on-bound ramp in dispute to the off-bound ramp from I-75 to I-285.

The motels obtained a temporary restraining order, prohibiting any further changes in the on-ramp, on August 30, 1977. By that date, the bridge at issue had already been removed; there is a dispute between the parties as to whether the ramp had been removed at the time the order issued. On September 22, 1977, the Superior Court of Clayton County entered an interlocutory injunction in favor of the motels. The trial court found that "No construction is occurring on the service road contiguous to the properties so as to obstruct access from the service road to the properties; but there is no means of access from the service road to I-75 except by a more circuitous route of approximately 3,000 feet." The trial court further found that the construction effected a taking of the motels' easements of access, and that they were entitled to injunctive relief. Thus the court restrained the defendants from doing anything to alter, deny or interfere with the motels' access to and from I-75, as it existed on the date the complaints were filed, until such time as DOT should have acquired the motels' rights of access, and further ordered DOT to either restore the entrance ramp to the condition in which it existed on the date the complaints were filed, or to institute eminent domain proceedings to acquire the motels' property rights of access[4] within 30 days. The court then provided that its order would be stayed pending a ruling by this court upon the filing of notices of appeal.

In its appeal, DOT presents twelve enumerations of error. It is only necessary, however, to reach one; that is, DOT asserts that injunctive relief should not have been granted because the motels had an adequate remedy at law in that they could bring an action in inverse condemnation.

We agree that for the motels in this case inverse

---

[4] DOT denied that the motels have any such rights subject to condemnation.

condemnation is an adequate remedy at law.[5] The construction at issue is not occurring on their property; it is not even occurring on the service road which is adjacent to their property but rather on the ramp which provides access from the service road to I-75. Plaintiffs' properties remain intact. Furthermore, access and egress to and from those properties are not completely destroyed but are simply made more "circuitous." In these circumstances, equity will not enjoin the State Department of Transportation. *State Hwy. Dept. v. MacDonald,* 221 Ga. 312 (144 SE2d 363) (1965); *State Hwy. Dept. v. Strickland,* 213 Ga. 785 (102 SE2d 3) (1958); *Moore v. City of Atlanta,* 70 Ga. 611 (1883). In *Strickland,* supra, 213 Ga. at 788, the court said: "Since the decision in *Moore v. City of Atlanta,* 70 Ga. 611, supra, it has been the settled rule of law that equity will not, by interlocutory injunction, interfere with a public improvement in which no part of the property of the citizen was actually taken. [Cits.]" *Chestatee Pyrites Co. v. Cavenders Creek Gold Mining Co.,* 119 Ga. 354 (46 SE 422) (1903), involved the attempted condemnation by a foreign mining corporation of water rights and is inapposite here.

*Judgment reversed. All the Justices concur.*

ARGUED JANUARY 16, 1978 — DECIDED JUNE 9, 1978 —
REHEARING DENIED JUNE 28, 1978.

*Arthur K. Bolton, Attorney General, William C. Joy, Assistant Attorney General,* for appellant.

*Gambrell & Mobley, David H. Gambrell, Mitchell, Clarke, Pate & Anderson, Paul H. Anderson, Sr., Paul H. Anderson, Jr.,* for appellees.

ON MOTION FOR REHEARING.

By motion for rehearing, the motels cite *State Hwy. Bd. v. Baxter,* 167 Ga. 124 (144 SE 796) (1928), and *MARTA v. Datry,* 235 Ga. 568 (220 SE2d 905) (1975), and

---

[5] In relegating the motels to whatever remedies they may have at law, we express no opinion on the merits of those claims.

insist that their original right of access to U. S. 41 continued when that highway became I-75, and that they have a right of direct access to and from their properties and I-75.

As the *Baxter* case, supra, shows, the easement of access "includes the right of ingress [entry], egress [exit], and regress [reentry], a right of way from a locus a quo to the locus ad quem, and from the latter forth to any other spot to which the party may lawfully go, or back to the locus a quo." *State Hwy. Bd. v. Baxter,* supra, p. 133. It has not been shown that the motels' right of ingress, egress and regress from the locus a quo to the locus ad quem and from there to any other spot or back to the locus a quo, has been taken. The evidence shows that they presently have a usable right of vehicular access by road to their property (cf. *MARTA v. Datry,* supra, 235 Ga. at 576-577), and from their property to that roadway, but they have not shown that they have a right of direct access under law to any particular type of highway. See *Tift County v. Smith,* 219 Ga. 68 (131 SE2d 527) (1963). Hence, the motels have not shown that they have a right to injunctive relief. *State Hwy. Dept. v. Strickland,* supra.

*Motion for rehearing denied. All the Justices concur, except Bowles, J., who dissents.*