## 58888. DEPARTMENT OF TRANSPORTATION v. STONE ENTERPRISES, INC. et al.

SOGNIER, Judge.

1. Going first to appellant's Enumeration 3, we do not believe that either Charge 6 as requested by appellee and given or Charge 1, requested by appellant and not given, correctly stated the applicable law. The instruction as given was not a full statement of the law relating to the right of ingress and egress, as it did not enunciate the principle that a property owner is not necessarily entitled to ingress and egress to his property at all points. Thus, the instruction, as given, was error. We believe the correct principles are set forth in Headnotes 1, 1(a) and 1(c) of *State Hwy. Board v. Baxter,* 167 Ga. 124 (144 SE 796) (1928).

2. The jury returned a verdict itemizing several items of damages, one of the items being "consequential damages" and another "restoration cost." Appellant contends in Enumerations 1 and 2 that this constituted double damages. It is conceivable the jury intended that restoration costs were part of the consequential damages relating to the service station alone, and the damages listed as consequential damages on the verdict form were solely for the loss of the office building. However, it is highly possible the jurors could have been confused and awarded double damages; hence we will also reverse on this issue. We are of the opinion that itemizing damages leads to confusion such as exists in this case, and consider a lump sum judgment less conducive to error.

As the errors discussed in Divisions 1 and 2 require reversal, we need not reach the issue relating to the alternate juror's presence in the jury room during deliberations and voting, as it is highly unlikely that this will occur on a new trial.

*Judgment reversed. Banke, J., concurs. McMurray, P. J., concurs in the judgment only.*

ARGUED OCTOBER 30, 1979 — DECIDED
MARCH 20, 1980.

*Andrew W. McKenna, Robert O. House,* for appellant.
*Robert E. Sherrell,* for appellees.