41132. COWETA COUNTY et al. v. CITY OF NEWNAN et al.

(320 SE2d 747)

HILL, Chief Justice.

This mandamus case involves the right of the City of Newnan's Water, Sewerage and Light Commission to extend its services into Coweta County without permission from the county. The trial court granted the Commission's motion for summary judgment and the county appeals.

The Newnan Water, Sewerage and Light Commission (the city commission) relies on a 1973 local act granting it the power to furnish its services beyond the city limits. Ga. L. 1973, pp. 3690-91. The county argues that this law should be strictly construed as a matter of public policy and that it is limited by other constitutional and statutory provisions.

The city commission was created by amendment to the charter of the City of Newnan by Ga. L. 1904, p. 549, and, as reflected in a local constitutional amendment, Ga. L. 1972, pp. 1410, 1411, its systems originally extended only to the city limits.[1] In 1973, however, the General Assembly amended its powers as follows: "The City of Newnan, by and through its Water, Sewerage and Light Commission, is further authorized and empowered to extend its water, sewerage and electrical distribution systems . . . without and beyond the corporate limits of the City of Newnan, and to provide utility services to persons, firms and corporations outside said corporate limits . . . ; to classify rates to be charged in such area beyond the said corporate limits; and to make such contracts, agreements and arrangements as it deems necessary or desirable for the said purpose." Ga. L. 1973, at

---

[1] OCGA § 36-34-5 also provides that a municipal corporation has the power to acquire or construct water or sewer systems and "(3) To operate and maintain any such systems for its own use and for the use of public and private consumers and users within the territorial boundaries of the municipal corporation. . . ."

pp. 3690-91 (1973 Act). In addition, the city's police power was extended to include extensions of the systems into the county.

Thereafter, the city commission began supplying water to nearby areas of the county. In 1979, however, in another local act the General Assembly empowered Coweta County to create its own water and sewer authority, Ga. L. 1979, pp. 4447-4452 (1979 Act).

In July 1983, residents of Magnolia Drive in the Lakehills subdivision in unincorporated Coweta County petitioned the city commission to extend city water services to their property. Prior to that time, water service in the vicinity of that subdivision had been provided by the East Newnan Water Company, but its facilities had been taken over by the city commission at the request of the officers of the East Newnan company. When the city commission sought right-of-way permits to extend the former East Newnan Water Company's pipes to the residents of the subdivision, the Coweta County Board of Commissioners denied the commission's request because there was no contract between the city commission and the county concerning supplying these services in the county, and because certain contractual conditions would be necessary before the county would issue such permits.

The City of Newnan and the city commission then filed this suit for mandamus and declaratory judgment asserting its right to extend its services into Coweta County under the 1973 Act. It also alleged that Coweta County's power to curtail its rights by denying the right-of-way permit was limited by OCGA § 32-4-42 (6), providing that the county permit regulations shall not be more restrictive than those imposed by the Department of Transportation, and that Coweta County's attempt to impose a contract upon it was illegal. The trial court granted summary judgment to the city and the commission.

The 1973 Act clearly empowers the city commission to extend its services beyond the city limits. Similar provisions are neither unique to Georgia law, *City of Moultrie v. Burgess*, 212 Ga. 22 (90 SE2d 1) (1955); *Collier v. City of Atlanta*, 178 Ga. 575 (173 SE 853) (1933); Sentell, Extraterritorial Powers in Georgia Municipal Law, 12 Ga. L. Rev. 1 (1977), nor to the general law of the other states. Rhyne, Municipal Law 319 (1957); Comment, the Constitutionality of the Exercise of Extraterritorial Powers by Municipalities, 45 U.Chi.L.R. 151 (1977). The question is whether this authority is limited by other provisions of our law.

1. Coweta County asserts it has the right to insist on a contract before issuing the right-of-way permits sought by the city commission under Art. IX, Sec. II, Par. III of the 1983 Georgia Constitution. Subparagraph (a) sets out certain powers and services all counties and municipalities may exercise and provide; among them are water and sewer systems. Subparagraph (b), however, states: *"Unless otherwise*

*provided by law, . . .* (2) No municipality may exercise any of the powers listed in subparagraph (a) of this Paragraph or provide any service listed therein outside its own boundaries *except by contract with the county* or municipality affected." (Emphasis supplied.) Thus, the county maintains that this constitutional requirement restricts the city commission's statutory right to provide these services in the county without a contract. We disagree.

This paragraph of the constitution is designed to supplement the powers specifically conferred by local law upon each municipality and county in order to make such powers uniform and to reduce the need for special legislation to enable these entities to act, independently or together, in their own best interests. Subparagraph (b), however, allows for individual variations among them which have already been provided by law.

In 1982, the Select Committee on Constitutional Revision published a pamphlet entitled *Proposed Constitution of the State of Georgia as approved by the General Assembly of Georgia* with comments. On page 142 of this pamphlet, a comment on Art. IX, Sec. II, Par. III (b), supra, states: "Exceptions to the contracting requirement may be granted *under general or local law* under proposed Par. III (b); they may only be granted under 'local or special law' in the present [1976] Constitution." (Emphasis supplied.) Compare *Brown v. Housing Authority of Atlanta*, 240 Ga. 647, 651 (242 SE2d 143) (1978). Thus, the 1973 Act is a "law" within the meaning of the phrase "Unless otherwise provided by law. . . ."

Coweta County counters with the argument that the entire Georgia governmental scheme requires exercise of municipal powers within the territorial jurisdiction of a city and requires cooperative agreements between local governments when exercising extraterritorial jurisdiction. Therefore, the county argues that the General Assembly contemplated a contract between the city commission and the county.[2] In support of its argument it relies on *Macon County v. City of Oglethorpe*, 229 Ga. 687 (194 SE2d 97) (1972), holding that the county could not build a new road through the city without the city's consent. We find that case distinguishable as there was no showing in that case that the General Assembly had, by law, specifically empowered one local entity to provide services in the other, as is the situation here.

Thus, there is no merit to the county's contention that the constitution requires a contract between Coweta County and the city commission in order for the commission to supply water in the county

---

[2] There is no merit to the county's argument that the phrase "contracts, agreements, and arrangements" in the 1973 Act requires that there be a contract with the county. The language is permissive and does not mention the county.

because here such authority is provided by law.

2. The county argues that the city commission's power to provide water services in the county was restricted by the passage of the 1979 Act creating the Coweta County Water and Sewer Authority. The county relies on Section 3 of that act, providing that Coweta County "shall have the right, power and authority to exercise police powers over the entire water system and shall have the right and authority to make rules and regulations governing the construction, operation and maintenance, extension and connection with *any water main within the limits of said county.* . . ." (Emphasis supplied.) From the emphasized language, the county argues that it has the right to control *all* water mains in the county. We disagree.

There is nothing in this section, or in the entire act, that extends control of the county over water mains not belonging to the county authority. On the contrary, this section is aimed at regulations involving the county's water mains. Thus, we find no conflict between the 1973 Act and the 1979 Act as urged by the county.[3] The county's authority to regulate the city commission's progress into the county is limited only by OCGA § 32-4-42 (6), supra, as held by the trial court.

3. The county contends that if we find that the 1973 Act empowered the city commission to establish utility services in the county without a contract with the county, then the 1973 Act is unconstitutional. It urges various reasons supporting the unconstitutionality of this act, several of which are sufficiently answered above.

The county argues that the 1973 law is unconstitutional in that it contravenes the 1972 constitutional amendment, Ga. L. 1972, p. 1410, supra, by permitting the city commission to furnish water outside the city. The 1972 amendment authorized the city commission to combine the water, sewer and electric systems "now being maintained and operated . . . within its boundaries. . . ." The statement is descriptive rather than limiting. Therefore, the amendment does not prohibit expansion of such systems beyond the city limits.

The county also urges that the power to supply water extraterritorially violates due process because the citizens of the county have no right to control the city officials through the right to vote. However, the issue in this case involves the voluntary purchase by county residents of water services supplied by the city commission. By supplying water, the city commission has in no way usurped the zoning, police or other regulatory powers of Coweta County. Nor do we find that the 1973 Act is unconstitutionally vague or an impermissible delegation of legislative power.

---

[3] Repeal by implication occurs where the later law is irreconcilable with the older law. *Bedingfield v. Parkerson*, 212 Ga. 654, 659 (94 SE2d 714) (1956). No irreconcilable conflict exists between the 1973 and 1979 Acts in issue here.

The trial court properly granted summary judgment to the city and city commission entitling the city commission to mandamus absolute requiring issuance of the necessary right-of-way permits from the county. See *DeKalb County v. Georgia Power Co.*, 249 Ga. 704, 707 (292 SE2d 709) (1982).

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 1, 1984 —
REHEARING DENIED OCTOBER 30, 1984.

*Alston & Bird, G. Conley Ingram, Robert D. McCallum, Jr., Jeffrey S. Muir, Steven M. Collins,* for appellants.

*Glover & Davis, J. Littleton Glover, Jr., Jack T. Camp, Edwin V. Gartin,* for appellees.

*Walter E. Sumner, Janet M. Bolt,* amicus curiae.