44439. KELLEY et al. v. CITY OF GRIFFIN.
(359 SE2d 644)

HUNT, Justice.

The question presented by this appeal is whether the City of Griffin may constitutionally condemn the Kelleys' 116.54 acres of land in Spalding County to provide for future expansion of its sewer system. The Kelleys moved to dismiss the proceedings on two grounds. First, they claim that since their land lies beyond the city limits of Griffin, the city may not condemn absent a written agreement with the county to provide for such services. Such an agreement does not exist. Second, they contend that the City of Griffin has abused the power of eminent domain because the need for this acquisition is not a present need but is merely speculative. The trial court denied the motions and subsequently entered judgment on a jury award of $133,000. We affirm.

1. In arguing that the city cannot condemn land outside the city limits, the landowners rely on 1983 Ga. Const., Art. IX, Sec. II, Par. III (b) (2)[1]: "*Unless otherwise provided by law, . . .* (2) No municipality may exercise any of the powers listed in subparagraph (a) of this Paragraph or provide any service listed therein outside its own boundaries except by contract with the county or municipality af-

---

[1] Subparagraph (a) grants to the cities, the power, among others, to provide "(6)[s]torm water and sewage collection and disposal systems, [and] (7)[d]evelopment, storage, treatment, purification, and distribution of water."

fected."[2] (Emphasis supplied.) As was said in *Coweta County v. City of Newnan*, 253 Ga. 457, 459 (320 SE2d 74) (1984), "[t]his paragraph of the constitution is designed to supplement the powers specifically conferred by local law upon each municipality and county in order to make such powers uniform and to reduce the need for special legislation to enable these entities to act independently or together, in their own best interests. Subparagraph (b), however, allows for individual variations among them which have already been provided by law." Ga. L. 1921, p. 959 at 964-965, § 22 (13) grants to the commissioners of the City of Griffin "the powers of eminent domain so as to condemn and acquire private property, *whether located in or out of said city*, for public uses and purposes, or for the use and benefit of said city, or the light, water and sewerage department of said city, or the gas department thereof." (Emphasis supplied.) Thus, even under the 1983 Amendment relied upon by the landowners, the power to condemn outside the city limits is, as emphasized above, "otherwise provided by law" and a contract between the city and the county is not required.

The Revenue Bond Law, Ga. L. 1937, p. 761, as amended, OCGA § 36-82-62 (a) (1) provides that "[i]n addition to the other powers which it may have, any governmental body shall have power under this article: (1) To acquire, by gift, purchase, or *the exercise of the right of eminent domain*, and to construct, to reconstruct, to improve, to better, and to extend any undertaking wholly within or *wholly outside the governmental body* or partially within and partially outside the governmental body; and to acquire, by gift, purchase, or the exercise of the right of eminent domain, lands, easements, rights in lands, and water rights in connection therewith;. . ." (Emphasis supplied.) Construction of a sewer system is clearly an undertaking contemplated under the revenue bond law. OCGA § 36-82-61. See also OCGA § 36-34-5.

Additionally, we have held that the acquisition of land to maintain a sewer system outside the city limits is an implied, if not an express, power of a municipality. *Langley v. City Council of Augusta*, 118 Ga. 590, 594 (45 SE 486) (1903); *Hall v. Mayor &c. of Calhoun*, 140 Ga. 611 (a) (79 SE 533) (1913). We find no conflict, as asserted by the landowners, between the 1983 Amendment and the prior precedents decided under the Revenue Bond Law. The power to exercise the right of eminent domain outside the city limits to establish a city sewer system under the Revenue Bond law and the requirement under the 1983 Amendment that the city must have a contract with

---

[2] Compare 1945 Ga. Const., Art. IX, Sec. III, Par. I (6), (7) *as amended*, 1972 Ga. L., pp. 1552-54. *Brown v. Housing Auth. of Atlanta*, 240 Ga. 647 (242 SE2d 143) (1978).

the county to provide sewer services to *county* residents are not mutually exclusive. The trial court did not err in refusing to set aside the condemnation based on this ground.

2. The landowners next urge that the city has abused its power of eminent domain in condemning their land for speculative future use.[3] The city currently operates three sewer plants; two are located outside the city limits and the Shoal Creek plant, which was originally built outside the city, has since been annexed. The present plan to expand the Shoal Creek plant, which made condemnation of the landowners' property necessary, was conceived as the result of a joint city-county study of water and sewer services in order to meet future demands and higher EPA standards. The landowners have shown no abuse of discretion by the City Commission which would empower this court to interfere with its legislative discretion. No evidence has been presented that the commission has acted illegally, in bad faith or unconstitutionally. *City of Atlanta v. First Nat. Bank of Ga.*, 246 Ga. 424, 425 (271 SE2d 821) (1980); *Coffee v. Atkinson County*, 236 Ga. 248, 249 (223 SE2d 648) (1976). We therefore hold that the trial court properly refused to set aside the condemnation of the landowners' property by the City of Griffin.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 8, 1987 —
RECONSIDERATION DENIED SEPTEMBER 23, 1987.

*Ralph G. McCallum, Jr.*, for appellants.
*Christopher, Mullins & Whalen, Andrew J. Whalen III*, for appellee.
*Walter E. Sumner, Janet M. Bolt*, amicus curiae.

---

[3] Ga. L. 1962, p. 140, § 6, as amended, Ga. L. 1985, p. 1393.